UNITED STATES of America, Plaintiff-Appellee,

v.

Robert Lee MILTON, Defendant-Appellant.

No. 79–1074.

United States Court of Appeals, Ninth Circuit.

Aug. 15, 1979.

ice which a plaintiff must prove. 536 F.2d at 1240.

Rogers S. Wilson, Jr. (argued), Puget Sound Legal Assistance Foundation, Tacoma, Wash., for defendant-appellant.

Peter Robinson, Sp. Asst. U. S. Atty. (argued), Portland, Or., for plaintiff-appellee.

Before WALLACE and ANDERSON, Circuit Judges, and MURRAY,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

Milton was convicted on three counts of presenting false claims to a department of the United States in violation of 18 U.S.C. § 287.[1] On appeal,[2] Milton argues that the district court erred in failing to instruct the jury that an intent to defraud was an essential element of the crime. We disagree and affirm his conviction.

## I. FACTS

Milton was the executive director of the Portland Progress House, a halfway house for federal prisoners. He was employed by the Progress House Association with the Rev. Leo Brown as his supervisor.

The Progress House entered into a contract with the Bureau of Prisons under which the Progress House was paid $25.00 per day by the U.S. Marshal's Office for each prisoner who resided in their facility. However, the Progress House was authorized to collect $15.00 per day rent from each resident prisoner. If this had been done, then the Progress House would have been required to deduct the amount of any rent received from the prisoners from the amount which was billed to the government.

At trial, it was shown that Milton had submitted claims for the full $25.00 per day without making the appropriate deductions for the amounts which had been collected from the prisoners.

Milton's defense was based on his denial of having any knowledge of the requirement that he was supposed to offset the rent collected from his claims to the government. He admitted that he had covered up his receipt of the extra money from his superior, Rev. Brown, but claimed that he did not conceal anything from the government. The government offered substantial evidence to show that Milton was aware of the requirement. Four witnesses refuted Milton's contention about lack of knowledge: the Rev. Brown, the U.S. Marshal, Milton's secretary, and the accountant for the Progress House.

## II. QUESTION PRESENTED

The only issue raised on appeal is whether the charged offense, 18 U.S.C. § 287, requires proof of intent to defraud. If it is an element of the crime, then failure to instruct the jury would be error.[3]

## III. ANALYSIS

In support of this argument Milton principally relies upon *United States v. Mead*, 426 F.2d 118 (9th Cir. 1970), and *United States v. National Wholesalers*, 236 F.2d 944 (9th Cir. 1956), *cert. denied*, 353 U.S. 930, 77 S.Ct. 719, 1 L.Ed.2d 724, where this court held that an intent to defraud was an element under the civil false claims statute (31

---

* The Honorable Frank J. Murray, Senior United States District Judge for the District of Massachusetts, sitting by designation.

1. 18 U.S.C. § 287 provides that:
   "Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

2. The court below had jurisdiction pursuant to 18 U.S.C. § 3231. Milton filed his notice of appeal on the same day that the judgment of conviction and sentence was entered, thus making this appeal timely. Jurisdiction of this court is proper under 28 U.S.C. § 1291.

3. If it had been an element of the crime then "the Due Process Clause [would have protected] the accused against conviction except upon proof beyond reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970).

U.S.C. § 231). After examining these cases, we find that they neither require nor justify reading a new element into the criminal false claims statute (18 U.S.C. § 287).[4]

The *Devitt and Blackmar* instruction defining false, fictitious, and fraudulent is consistent with the approach we take in the present case. It provides that:

"A statement is 'false' or 'fictitious', if untrue when made, and then known to be untrue by the person making it or causing it to be made. A statement or representation is 'fraudulent' if known to be untrue, and made or caused to be made with the intent to deceive the Government agency to whom submitted."

2 E. Devitt and C. Blackmar, *Federal Jury Practice and Instructions*, 3rd ed. 1977, § 28.04. Under this definition, an intent to deceive only becomes relevant when the government attempts to prove that the statement was *fraudulent*. In the present case, the district court struck the terms "fraudulent" and "fictitious" from the indictment, leaving only the allegation of *false* statements.[5] To prove *falsity*, the government only had to prove that the statement was known to be untrue at the time Milton made it. This is exactly how the jury was instructed.[6] According to the pattern instruction, had the government attempted to prove that the claims were fraudulent, only then should the jury have been instructed on intent to deceive.[7]

Milton argues that this court must read the additional element into the statute or else we will be left with the anomalous result of requiring a higher standard of proof in a civil case than in a criminal case. According to Milton, this approach would "fly in the face of the Constitution" in violation of *Morissette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952). We disagree. In a proceeding under the civil false claims provision, 31 U.S.C. § 231, the government must prove its case by "clear, explicit and unequivocal evidence." *Mead, supra*, 426 F.2d at 123. However, under the criminal false claims statute, 18 U.S.C. § 287, the government must still prove all of the elements of the crime by proof beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Our holding does not in any way deviate from the proof beyond a reasonable doubt standard; nor does it fly in the face of the Constitution.

**4.** We acknowledge that *Mead* held that intent to defraud was an essential element under the civil false claims statute. *Mead, supra*, 426 F.2d at 123. However, in applying the statute to the facts of that case, this court went on to say that the statute required a showing that the defendant had knowledge that the claims were false *or* a specific intent to deceive. *Id.* The use of the disjunctive may mean that either could satisfy the knowledge requirement of 31 U.S.C. § 231. Nonetheless, in view of our holding that § 231 does not control our interpretation of 18 U.S.C. § 287, we do not address this inconsistency, if there is an inconsistency at all.

**5.** We agree that 18 U.S.C. § 287 states the terms, "false, fictitious, or fraudulent," in the disjunctive and that three kinds of claims are prohibited by the statute. *United States v. Maher*, 582 F.2d 842, 847 (4th Cir. 1978).

**6.** The jury was instructed, in part, as follows: "A claim is false if untrue when made and then known to be untrue by the person making it or causing it to be made." Reporter's Transcript 266.

The jury was otherwise thoroughly instructed on the knowledge and wilfulness requirement of 18 U.S.C. § 287 in the following manner:

"I have used the terms in the Indictment 'wilfully' and 'knowingly.' Here are the appropriate definitions for those terms.

"An act is done knowingly or the failure to act is knowingly done if done voluntarily and intentionally and not because of mistake or accident or other innocent reason. The purpose of adding the word 'knowingly' is to insure that no one will be convicted for an act done, or for an omission or failure to act because of mistake, accident or other innocent reason.

"I have also used the term 'wilfully.' An act is done 'wilfully' or an omission or failure to act is done wilfully if done voluntarily and intentionally and with specific intent to do something the law forbids or to fail to do something which the law requires; that is to say, with bad purpose either to disobey or disregard the law.

Reporter's Transcript 268.

**7.** We do not decide whether intent to deceive becomes an element when the defendant is charged with submitting *fraudulent*, as opposed to *false*, claims under 18 U.S.C. § 287.

Only one other court has addressed the question presented by this case.[8] In *United States v. Maher*, 582 F.2d 842 (4th Cir. 1978), the Fourth Circuit found three reasons in support of its holding that an intent to defraud the government was not an essential element of 18 U.S.C. § 287. These reasons are equally applicable to the present case. First, the statute does not specify that an intent to defraud is necessary, but only that the defendant have knowledge that the claim is false, fictitious, or fraudulent. 582 F.2d at 847. Second, "[c]riminal intent may be proved either by a showing that the defendant acted for a specific purpose to violate the law or that he acted with an awareness that what he was doing was morally wrong, whether or not he had actual knowledge that he was doing something that the law forbids." *Id.* Third, the purpose of 18 U.S.C. § 287 would be frustrated if criminal prosecutions were limited merely to those instances "where the defendant is motivated solely by an intent to cheat the government or to gain an unjust benefit." *Id.* And finally, the court in *Maher* rejected the analogy to 31 U.S.C. § 231, finding it unsupported by either authority or persuasion. We agree, and therefore reject Milton's suggestion that we apply *Mead, supra,* to the criminal false claims statute.

For the reasons previously stated, we hold that the jury need not receive an instruction on intent to defraud the government, nor is it an element of the offense, when the government prosecutes for the submission of *false* claims in violation of 18 U.S.C. § 287.[9]

AFFIRMED.

---

**8.** One recent decision may be read as tacitly approving instructions under 18 U.S.C. § 287 which required an intent to defraud. *United States v. Precision Medical Laboratories, Inc.,* 593 F.2d 434, 443–444 (2d Cir. 1978). However, the holding of *Precision Medical* was that the use of an instruction which allowed the jury to find the knowledge requirement of 18 U.S.C. § 287 satisfied by "recklessness" was not error on the facts of that particular case. It therefore has no relevance to the present situation.

**9.** The reasoning from this court's decision in *Bridgeman v. United States,* 140 F. 577 (9th Cir. 1905) also supports our holding. *Bridgeman* was decided under the predecessor statute to 18 U.S.C. § 287. In *Bridgeman* this court explained that:

> "It is a sufficient answer to the suggestion that there is no direct allegation of an intent to defraud the government to say that a willful attempt on the part of any person to obtain money from the government, based upon a false, fictitious, and fraudulent claim, the false and fraudulent character of which is known to him, necessarily imports an intent to defraud the government. . . ."

140 F. at 586. As previously noted, the jury in the present case was properly instructed on willfulness and knowledge of falsity. *See* n. 6, *supra,* and *see also United States v. Rifen,* 577 F.2d 1111, 1113 (8th Cir. 1978).