**UNITED STATES of America, Plaintiff/Appellee,**

v.

**Kenneth Charles CAUSEY, Defendant/Appellant.**

**No. 87–1734.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 1987.

Decided Dec. 31, 1987.

John G. Watkins, Las Vegas, Nev., for defendant-appellant.

Ruth L. Cohen, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before ANDERSON, BOOCHEVER and NOONAN, Circuit Judges.

## OPINION

BOOCHEVER, Circuit Judge:

The principal issue in this appeal is whether a person may be convicted of aiding and abetting in or causing the submission of false income tax returns absent proof that those filing the returns knew they were false. Kenneth Causey appeals the district court's denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence for aiding, abetting, and causing the making of false and fictitious claims against the government, 18 U.S.C. §§ 2 and 287. He claims insufficiency of the indictment and evidence on eighteen counts, and that he was denied his right to counsel and/or received ineffective assistance of counsel at trial. We affirm.

## FACTS

Causey is a tax protester who counseled groups of taxpayers on how to submit tax returns claiming a complete refund of all sums withheld from wages. To accomplish this objective he provided, for a fee, forms with instructions for filing. He was charged by indictment on April 7, 1982, with eighteen counts of aiding, abetting, and causing individuals to file false tax returns, 18 U.S.C. §§ 2 and 287 (1982), and with two counts of failure to file a federal tax return, 26 U.S.C. § 7203 (1982). At trial, Causey proceeded *pro se* with a local attorney as advisory counsel. A jury convicted Causey on all counts. Causey filed a motion to vacate, set aside, or correct his sentence on the false tax return counts under 28 U.S.C. § 2255 (1982). The district

court denied the motion and Causey timely appeals under 28 U.S.C. § 1291 (1982).

## STANDARD OF REVIEW

■ We review de novo the district court's decision regarding a petition to vacate, set aside, or correct a sentence. *United States v. Quan,* 789 F.2d 711, 713 (9th Cir.1986).

## ANALYSIS

### I. Insufficiency of the Indictment

■ Causey contends that Counts I–XVIII of his indictment for aiding, abetting, and causing individuals to file false tax returns, are insufficient because they fail to allege that the persons actually submitting the returns knew they were false, and therefore fail to allege the essential fact that there were principal perpetrators.

Causey's attack on the sufficiency of the indictment is not properly raised in this section 2255 proceeding to vacate his sentence. Generally, this court allows a collateral attack on the validity of an indictment only where an appellant can show cause why the claim was not raised before trial. *Baumann v. United States,* 692 F.2d 565, 572 (9th Cir.1982); *United States v. Zazzara,* 626 F.2d 135, 137 (9th Cir.1980). Such a "cause" arises if the appellant asserts that the indictment went unchallenged at trial because of ineffective assistance by his or her counsel. *Baumann,* 692 F.2d at 572. Causey makes a general allegation of ineffective assistance, but he does not allege that a failure to challenge the indictment resulted in ineffective assistance. Causey does not otherwise show cause why his claim of indictment insufficiency was not raised before trial and therefore cannot raise the issue under section 2255. In any event, as discussed below, Causey's argument fails.

### II. Insufficient Evidence

■ Causey claims the evidence presented at trial on the eighteen aiding and abetting counts was insufficient to support the guilty verdicts because the government failed to allege and prove that the persons actually submitting the false returns knew they were false, and therefore failed to prove the existence of knowing principals. This argument fails because it is immaterial to Causey's conviction whether or not the taxpayers were shown to have intended to file false returns.

Title 18 U.S.C. § 287 applies to one who "makes or presents" a claim against the United States *"knowing* such claim to be false, fictitious, or fraudulent" (emphasis added). Causey claims the government had to prove that the taxpayers who submitted the returns knew that the returns were false. He relies on the common law rule that an essential element of an aiding and abetting charge is the existence of a principal perpetrator. He fails to consider, and the government, in its briefs and in oral argument, failed to address, the purpose and effect of 18 U.S.C. § 2, the other section under which Causey is charged in all the eighteen counts.

Title 18 U.S.C. § 2 provides:

§ 2. Principals

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Under section 2, aiding and abetting is not a separate offense; instead, the section "makes punishable as a principal one who aids or abets another in the commission of a substantive offense." *Londono-Gomez v. INS,* 699 F.2d 475, 476 (9th Cir.1983). Under section 2(a), the government must prove that someone committed the substantive crime, although the failure to prosecute or to obtain a prior conviction of that individual does not preclude the conviction of the aider and abettor. *United States v. Ruffin,* 613 F.2d 408, 412 (2d Cir.1979). In effect, section 2(a) makes the person whose acts constitute aiding and abetting but who falls short of performing the proscribed act

a coprincipal with the person who takes the final step and violates a criminal statute.

Under section 2(b), however, the government need not prove that someone other than the defendant was guilty of the substantive crime. A person who causes the commission of an offense is punishable as a principal even though the person who completes the wrongful act violates no criminal statute because of lack of criminal intent or capacity. Section 2(b) punishes the individual who *causes* a criminal act, because no crime would take place without his or her participation.

In this case, the elements of the offense created by 18 U.S.C. § 287 are (1) presenting a claim against the United States, and (2) knowing such claim to be false. Here, there is no dispute that claims for tax refunds were submitted to the United States. The jury found that Causey caused those claims to be presented and that he knew they were false. He thus caused the claims to be presented with the requisite intent. Whether the taxpayers had guilty knowledge in submitting the claims becomes irrelevant under section 2(b).

The reviser's note to section 2 indicates that subsection (b) was added in 1948 to "remove[ ] all doubt that one who puts in motion or assists in the illegal enterprise but causes the commission of an indispensable element of the offense by an *innocent* agent or instrumentality, is guilty as a principal...." (emphasis added). This was not a new concept; section 2(b) is in accord with decisions such as *United States v. Giles,* 300 U.S. 41, 57 S.Ct. 340, 81 L.Ed. 493 (1937). In *Giles,* a bank teller covered cash shortages by withholding deposit tickets from the bookkeeping department, causing the department to make false entries. The Supreme Court upheld the teller's conviction for violation of a statute prohibiting a national bank employee from making intentionally false entries, even though the teller himself made no entries and those actually making the entries were innocent of the intent required by the statute. 300 U.S. at 48–49, 57 S.Ct. at 344.

This court recently applied section 2(b) to uphold the conviction of a lawyer who prepared a lease agreement with statements he knew to be false under a statute prohibiting the intentional making of material false representations to a government agency, even though the person submitting the document (i.e., "making" the representations) did not know the statements were false. *United States v. Vaughn,* 797 F.2d 1485, 1490–91 (9th Cir.1986). Decisions in other circuits affirming under section 2(b) the convictions of those who cause innocent intermediaries to perform acts which are prohibited if committed with intent are legion. *See, e.g., United States v. Cook,* 745 F.2d 1311, 1315 (10th Cir.1984), *cert. denied,* 469 U.S. 1220, 105 S.Ct. 1205, 84 L.Ed.2d 347 (1985); *United States v. Tobon-Builes,* 706 F.2d 1092, 1100 (11th Cir. 1983); *Ruffin,* 613 F.2d at 412–13; *Pereira v. United States,* 202 F.2d 830, 836–37 (5th Cir.1953), *aff'd,* 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954). The Third Circuit has applied section 2(b) to the statute at issue here: "under the combination of the present version of § 287 and the present § 2(b) a person may be guilty of causing a false claim to be presented to the United States even though he uses an innocent intermediary ... to actually pass on the claims to the United States." *United States v. Catena,* 500 F.2d 1319, 1323 (3d Cir.), *cert. denied,* 419 U.S. 1047, 95 S.Ct. 621, 42 L.Ed.2d 641 (1974).

Causey's indictment charged a violation of section 2, and both sections 2(a) and 2(b) were included in the instructions to the jury. The taxpayers Causey counseled testified at trial. Under section 2(b), the government did not need to show knowledge of the falsity on the part of the taxpayers.

We conclude that in a section 2 prosecution for violation of section 287 for aiding and abetting or causing the presentation of a false claim, the government need not allege nor prove that the person actually submitting the false claim knew the claim to be false. Causey's challenge to the sufficiency of the evidence is without merit.

### III. Right to Counsel and Ineffective Assistance

At trial, Causey represented himself with a local appointed attorney as "merely an advisor," and he alleges that this denied him his right to counsel. There was no denial of his right to counsel, as Causey knowingly and competently waived that right. Causey expressed his desire to participate in his own defense on the first day of trial. His attorney agreed to act as an advisor. In a long conversation, the judge discussed with Causey, his attorney, and the government attorney the disadvantages and difficulties of self-representation, the charges, the maximum fines and sentences, the elements of the crimes, and Causey's education and training. The colloquy more than met the court's duty to ensure that Causey's waiver of his right to counsel was made knowingly and intelligently, with full awareness of the risk involved. *See United States v. Harris*, 683 F.2d 322, 324 (9th Cir.1982) (defendant must know the nature of the charges, the possible penalties, and the dangers of self-representation; discussion in open court is the preferable procedure). The court's appointment of advisory counsel to aid Causey was appropriate under the circumstances, particularly given the judge's concern for the orderly conduct of trial and Causey's reputation as an unruly tax protester. *See Faretta v. California*, 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 2541 n. 46, 45 L.Ed.2d 562 (1975) (trial judge may terminate self-representation if defendant misbehaves, and may appoint standby counsel to aid the *pro se* defendant).

Causey further claims that his attorney provided ineffective assistance because after some pretrial representation, the attorney advised Causey that he should represent himself, and offered to act as Causey's advisor. Causey's account conflicts with the record. The magistrate who appointed Causey's counsel did so because Causey refused otherwise to accede to the jurisdiction of the court, and the magistrate thought Causey needed some kind of legal guidance. Causey very much wanted to represent himself. The appointed counsel's agreement to proceed as Causey's "representative" does not remotely approach satisfaction of the two-part test for ineffective assistance of counsel: deficient performance by counsel and a reasonable probability that without counsel's errors, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984). Even if Causey's attorney did advise Causey to proceed *pro se* with the attorney's assistance, such advice under the circumstances of this case involving an articulate tax protester does not constitute deficient performance of counsel.

### CONCLUSION

The trial court's denial of Causey's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence is AFFIRMED.