66 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ramsey Matthew BRIDGES, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-36115.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 Before: GOODWIN, WIGGINS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramsey Bridges appeals the district court's dismissal of his petition for relief under 28 U.S.C. Sec. 2255. Bridges was sentenced to serve 87 months in prison after he pleaded guilty in 1992 to possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). He claims that his conviction is invalid because the indictment failed to allege the scienter element of his crime. We have jurisdiction under 28 U.S.C. Sec. 2255, and we dismiss.
 
 
 3
 We review de novo a district court's denial of relief under 28 U.S.C. Sec. 2255. United States v. Causey, 835 F.2d 1289, 1291 (9th Cir.1987). We may affirm the district court's decision on any basis supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993). A collateral attack on the sufficiency of an indictment is allowed only when the petitioner demonstrates good cause for not raising the issue prior to the exhaustion of all direct appeals. Causey, 835 F.2d at 1291. "Moreover, a defendant who fails to object to an indictment before trial waives all objections except those which challenge the trial court's jurisdiction or allege that the indictment failed to charge an offense." Echavarria-Olarte v. Reno, 35 F.3d 395, 397 (1994) (citing Fed.R.Crim.Pro. 12(b)), cert. denied, 115 S.Ct. 1812 (1995).
 
 
 4
 Bridges does not allege cause for his failure to have raised this issue earlier. Instead, he asserts that, due to the allegedly missing language, the indictment fails to state a claim. We disagree.
 
 
 5
 Bridges' indictment charged him with possessing cocaine with the intent to distribute it. He argues that the indictment should have read that he did so "knowingly" or "intentionally." Without deciding whether a better charge would have included the adverbs Bridges advocates, we conclude that the indictment states a claim. Compare United States v. Mitchell, 867 F.2d 1232, 1233 (9th Cir.1989) (per curiam) (indictment charged conduct deemed not amenable to legal proscription). Because he has not raised a jurisdictional challenge nor shown cause for his failure to raise his claim sooner, we decline to consider Bridges' challenge to the sufficiency of the indictment. See Causey, 835 F.2d at 1291.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3