86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick McCORMICK, Defendant-Appellant.
 No. 95-35789.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 McCormick appeals from the district court's denial of his petition to vacate his sentence, filed pursuant to 28 U.S.C. § 2255. McCormick was convicted of conspiring to manufacture marijuana, in violation of 21 U.S.C. § 846. The district court had jurisdiction pursuant to 28 U.S.C. § 2255. We have jurisdiction over this timely appeal[1] pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 McCormick argues that his criminal sentence should be vacated because it violated the Double Jeopardy Clause. We review de novo a district court's denial of a petition to vacate, set aside, or correct a sentence under section 2255. United States v. Causey, 835 F.2d 1289, 1291 (9th Cir.1987).
 
 
 4
 The Double Jeopardy Clause prohibits the imposition of multiple punishments in separate proceedings for the same offense. United States v. Dixon, 113 S.Ct. 2849, 2856 (1993). Presuming that the government's forfeiture of $5,000 in the civil proceeding constituted punishment, see United States v. $405,089.23 U.S. Currency, 33 F.3d 1210, 1219 (9th Cir.1994), amended on denial of reh'g, 56 F.3d 41, cert. granted, 116 S.Ct. 762 (1995), McCormick's criminal sentence will only violate the Double Jeopardy Clause if the sentence and the forfeiture were imposed for the same offense. See United States v. Chick, 61 F.3d 682, 687 (9th Cir.1995), cert. denied, 116 S.Ct. 1416 (1996).
 
 
 5
 McCormick consented to forfeit $5,000 "because it was used to commit or facilitate the commission of felony drug offenses, to wit, the illegal manufacture and distribution of marijuana in violation of [21 U.S.C. § 841(a)(1) ]." McCormick's sentence was imposed for conspiring to manufacture and distribute marijuana, in violation of 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 846. The two violations--manufacture and distribution of marijuana, and conspiracy to do the same--are different offenses. See United States v. Felix, 503 U.S. 378, 388-89 (1992) ("A substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes."). McCormick's sentence therefore did not violate the Double Jeopardy Clause.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We need not decide whether the recently enacted amendments to 28 U.S.C. § 2255 apply retroactively to McCormick's appeal. His petition was timely even under the stricter amended version. See Antiterrorism and Effective Death Penalty Act of 1996, 142 Cong.Rec. H3305-01 (1996)