114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elmer O. STRONG, Defendant-Appellant.
 No. 96-3264.
 United States Court of Appeals, Seventh Circuit.
 Argued April 1, 1997.
Decided May 20, 1997.
 
 Before BAUER, CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Elmer Strong was convicted of ten counts of defrauding the government in violation of 18 U.S.C. § 287. Strong claims that he is entitled to a new trial because the district court failed to instruct the jury that to convict him he must have had the specific intent to defraud the government. Because specific intent is not an element of § 287, we affirm.
 
 I. Background
 
 2
 Elmer Strong owns several gas stations in Illinois. When purchasing gasoline to resell to customers, Strong, as do other gasoline dealers, pays a gasoline tax, which at the time involved in this case totaled 14.1 cents per gallon. For various reasons, the government encourages the retailing of gasoline mixed with alcohol, resulting in a mixture commonly called gasahol. To further this policy, in 1991 and early 1992 the government provided gasoline retailers a 4.44 cent per gallon refund if the gasoline was mixed with at least 10% alcohol.
 
 
 3
 To obtain this refund the gasoline dealer must submit Form 843 to the government. On this form the dealer must state the percentage of alcohol mixed with the gasoline to demonstrate that the dealer is in fact entitled to the refund. Strong submitted ten Form 843s to the government seeking refunds totaling more than $70,000. On these forms, Strong stated that he had mixed 10% alcohol with the gasoline. However, upon investigating Strong's claims the Internal Revenue Service discovered that Strong had not purchased enough alcohol to obtain the requisite 10% mixture. Strong eventually told the government that he used mixed blends of gasoline containing only four to six percent alcohol.
 
 
 4
 Based on the above, a grand jury indicted Strong on ten counts of making false claims to the government in violation of 18 U.S.C. § 287. This section imposes criminal penalties on any person who:
 
 
 5
 makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent.
 
 
 6
 Strong pleaded not guilty and proceeded to trial. Strong argued at trial that while he had stated on the Form 843 claims that he had used a 10% alcohol mixture, he did so because he thought that was the proper way to fill out the form, and that he believed he was entitled to the refund even though he used only 5.7 percent alcohol in his gasohol mixture. In other words, Strong claimed that he did not intend to defraud the government.
 
 
 7
 In support of this theory, Strong proffered the following jury instruction which instructed the jury that it had to find he had specific intent to defraud the government in order to convict him of violating 18 U.S.C. § 287:
 
 
 8
 The crime charged in this case requires proof of specific intent before the defendant can be convicted. Specific intent, as the term implies, means more than the general intent to commit the act. To establish specific intent the government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the law. Such intent may be determined from all the facts and circumstances surrounding the case.
 
 
 9
 The government objected to the instruction, arguing that section 287 does not require proof of specific intent. The district court agreed and refused the instruction. Instead, the court instructed the jury that:
 
 
 10
 To sustain the charge of making a false claim, the government must prove the following propositions.
 
 
 11
 First: That the defendant made a claim against or presented a claim to the United States through the Internal Revenue Service.
 
 
 12
 Second: That the claim was false, fictitious, or fraudulent.
 
 
 13
 Third: That the defendant knew at the time that that claim was made that it was false, fictitious or fraudulent.
 
 
 14
 The district court further instructed that:
 
 
 15
 A statement is false or fictitious if untrue when made and then known to be untrue by the person making it or causing it to be made. A statement or representation is fraudulent if known to be untrue and made or caused to be made with intent to deceive.
 
 
 16
 The jury convicted Strong on all ten counts, and the district court sentenced him to fifteen months in prison. Strong appeals.
 
 II. Analysis
 
 17
 Strong claims that to violate § 287 he must have had specific intent to defraud the government and that the district court erred in refusing to provide the jury with a specific intent instruction. Whether a jury instruction misstates the elements of a crime is a question of law and is reviewed de novo. United States v. Loaiza-Diaz, 96 F.3d 1335, 1336 (9th Cir.1996).
 
 
 18
 Proof of specific intent to defraud the government is not required to convict under § 287. The statute requires only that the defendant made the claiming knowing it "was false, fictitious, or fraudulent." 18 U.S.C. § 287. It does not require that the defendant intended to defraud the government. That was our holding in United States v. Catton, 89 F.3d 387, 392 (7th Cir.1996) (the defendant need not intend to defraud the government under § 287), wherein we reaffirmed our decision in United States v. Ferguson, 793 F.2d 828, 831 (7th Cir.1986) ("under 18 U.S.C. § 287, the Government must prove that a defendant made a claim upon the United States knowing that the claim was false. The Government need not prove that the defendant acted 'willfully.' "), and noted our agreement with the Ninth and Tenth Circuits on this issue. See United States v. Barker, 942 F.2d 585, 588 (9th Cir.1991), reversed on other grounds, 967 F.2d 1275 ("Section 287 contains no requirement that the intent, purpose, or effect of the false claim must be to cause the government a loss."); United States v. Irwin, 654 F.2d 671, 682 (10th Cir.1981) ("[W]e hold that willfulness is not an essential element of 18 U.S.C. § 287...."); United States v. Milton, 602 F.2d 231, 234 (9th Cir.1979) ("[W]e hold that the jury need not receive an instruction on intent to defraud the government, nor is it an element of the offense, when the government prosecutes for the submission of false claims in violation of 18 U.S.C. § 287."). We also explained in Catton that case law assuming intent to defraud was required under § 287 involved just that--"assumptions, not holdings." Catton, 89 F.3d at 392 (citing United States v. Nazon, 940 F.2d 255, 260 (7th Cir.1991); United States v. Haddon, 927 F.2d 942, 950-51 (7th Cir.1991); United States v. Martin, 772 F.2d 1442, 1444-46 (8th Cir.1985)). Given the plain language of § 287, and our recent decision in Catton, we reject Strong's argument that § 287 requires specific intent to defraud the government.[1] Accordingly, the district court did not err in instructing the jury. We affirm.
 
 
 
 [1]
 While the government need not prove an intent to defraud to convict under § 287, such proof is one way of showing a violation of the statute. Section 287 prohibits either false, or fictitious, or fraudulent claims. "A statement is 'false' or 'fictitious,' if untrue when made, and then known to be untrue by the person making it or causing it to be made. A statement or representation is 'fraudulent' if known to be untrue, and made or caused to be made with the intent to deceive the government agency to whom submitted." Milton, 602 F.2d 231, 233 (9th Cir.1979). "Under this definition, an intent to deceive only becomes relevant when the government attempts to prove that the statement was fraudulent." Id