**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50212 |
| Plaintiff - Appellee, | D.C. No. 5:07-cr-00032-VAP-3 |
| v. | |
| LUIS CARLOS RENDON-AGUDELO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted June 5, 2012[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, TROTT and THOMAS, Circuit Judges.

Luis Carlos Rendon-Agudelo appeals his conviction for conspiring to import

and distribute cocaine. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

I

The evidence presented at trial was sufficient to convict Rendon-Agudelo. A defendant may be convicted of knowing participation in a conspiracy if the evidence establishes beyond a reasonable doubt "even a slight connection" between the defendant and the conspiracy. *United States v. Perlaza*, 439 F.3d 1149, 1177 (9th Cir. 2006) (internal quotation marks omitted). In this case, the Government presented testimonial, photographic, audio, and video evidence of Rendon-Agudelo meeting and discussing the proposed cocaine shipments with the other conspirators. A rational juror could have concluded that Rendon-Agudelo was a co-conspirator based on this and other evidence introduced at trial.

II

The district court did not err by admitting testimony about Rendon-Agudelo's ownership of a drug shipment. The judge struck the testimony, and promptly instructed the jury to disregard the witness's statement. *See* Supplemental Excerpts of Record at 671. Jurors are presumed to follow the court's instructions. *See Jones v. United States*, 527 U.S. 373, 400 n.14 (1999).

III

The district court did not err by giving a jury instruction that incorporated language from *United States v. Causey*, 835 F.2d 1289, 1292 (9th Cir. 1987). If a

jury instruction fairly conveys the elements of the offense, this Court reviews its specific formulation for abuse of discretion. *United States v. Frega*, 179 F.3d 793, 806 n.16 (9th Cir. 1999). When the government charges a defendant with aiding and abetting under 18 U.S.C. § 2(b), "the government need not prove that someone other than the defendant was guilty of the substantive crime." *Causey*, 835 F.2d at 1292. Rendon-Agudelo was charged with aiding and abetting a Government informant's importation of cocaine into the United States. A defendant can be convicted of aiding and abetting an undercover informant where he directs the informant to undertake acts that would be criminal if the defendant undertook them himself. *See United States v. Gould*, 419 F.2d 825, 826 (9th Cir. 1969) (per curiam).

**AFFIRMED.**