**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10102 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00362-AWI-BAM-3 |
| v. | |
| LEROY DONOVAN COMBS, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10115 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00362-AWI-BAM-4 |
| v. | |
| CHARLES WAYNE UPTERGROVE, | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10123 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00362-AWI-BAM-5 |
| v. | |

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

LADONNA LEE MOON,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted November 16, 2017
San Francisco, California

Before:  W. FLETCHER and PAEZ, Circuit Judges, and WILKEN, District Judge.[**]

Leroy Donovan Combs, Charles Wayne Uptergrove and Ladonna Lee Moon appeal their convictions under 18 U.S.C. § 287.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. **All defendants:**  The district court did not abuse its discretion in denying the defendants' mistrial motions based on co-defendant Gaylene Bolanos' courtroom outburst in front of the jury.  *See United States v. Sarkisian*, 197 F.3d 966, 981 (9th Cir. 1999).  First, the outburst was not inherently prejudicial.  *See Holbrook v. Flynn*, 475 U.S. 560, 570 (1986).  In contrast to the "truly rare" set of circumstances in *United States v. Mannie*, 509 F.3d 851, 857 (7th Cir. 2007), the

[**] The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

2

jury in this case witnessed only a single two- to three-minute outburst from a co-defendant, rather than a "violent courtroom brawl," or a "campaign of intimidation."

Second, the district court took reasonable steps to ensure the fairness of the proceedings and jury impartiality. *See United States v. McCormac*, 309 F.3d 623, 626 (9th Cir. 2002) (holding a "district court's assessment of the jury's ability to remain impartial despite the explosion of defiance from [a] defendant is accorded substantial weight because the district court is in the best position to ascertain whether an event is prejudicial"). The court read the jury a cautionary instruction prepared by defense counsel, and approved by all counsel, and gave the jurors an opportunity to express whether the outburst impacted their ability to be fair to all defendants. No juror expressed any concern over his or her ability to be fair and impartial.

2. **Uptergrove and Moon:** The district court properly declined to instruct the jury that a conviction for making a false claim under § 287 requires proof of willfulness or intent to defraud. Under Ninth Circuit authority, an intent to defraud is not an element of a charge under the false prong of § 287. *See United States v. Milton*, 602 F.2d 231, 234 (9th Cir. 1979) (holding "the jury need not receive an instruction on intent to defraud the government, nor is it an element of the offense,

when the government prosecutes for the submission of false claims in violation of 18 U.S.C. § 287"). Uptergrove and Moon fail to cite binding authority requiring the district court to instruct the jury on a good faith defense against false claim charges under § 287.

3. **Combs:** The district court committed no error in sentencing Combs to 45 months' imprisonment. We review a sentence for reasonableness, and "only a procedurally erroneous or substantively unreasonable sentence will be set aside." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The district court's reference to Combs' "long, long history of failing to comply with the tax laws" is well supported by the undisputed presentence report as well as by evidence in the trial record, upon which the district court was permitted to rely in fashioning an appropriate sentence. *See United States v. Fitch*, 659 F.3d 788, 790-791 (9th Cir. 2011).

4. **Uptergrove:** The district court properly denied Uptergrove a two-level reduction for acceptance of responsibility. The court's actions were reasonable in light of Uptergrove's "decision to take the case to trial, where he vigorously denied the '[knowingly]' element of the offense." *United States v. Chastain*, 84 F.3d 321, 324 (9th Cir. 1996). The record neither shows nor suggests that the district court deemed Uptergrove ineligible for the reduction merely because he went to trial and

4

contested his factual guilt. *United States v. Cortes*, 299 F.3d 1030, 1038 (9th Cir. 2002), *United States v. Ochoa-Gaytan*, 265 F.3d 837, 844 (9th Cir. 2001), and *United States v. McKinney*, 15 F.3d 849, 853 (9th Cir. 1994), are therefore distinguishable.

**5. Uptergrove:** Uptergrove's sentence was substantively reasonable. *See United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc). The district court carefully considered the 18 U.S.C. § 3553(a) factors and imposed a reasonable sentence below the low end of the advisory Guidelines range.

**AFFIRMED.**