NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10103 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00362-AWI-BAM-1 |
| v. | |
| GAYLENE LYNNETTE BOLANOS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted March 12, 2018[**]
San Francisco, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and FEINERMAN,[***] District Judge.

Defendant-Appellant Gaylene Bolanos appeals her conviction on multiple

counts of making false claims against the United States in violation of 18 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

§ 287, as well as her conviction on a single count of conspiracy to do the same under 18 U.S.C. § 286. We affirm.[1]

**1.** The district court properly denied Bolanos's motion for a competency hearing under 18 U.S.C. § 4241(a) following her outburst at trial. On appeal, our analysis "is ultimately reducible to the question of whether 'the evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence.'"[2] *United States v. Dreyer*, 705 F.3d 951, 961 (9th Cir. 2013) (quoting *Chavez v. United States*, 656 F.2d 512, 516 (9th Cir. 1981)). Competence, in turn, is the "sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding[,] and a rational as well as factual understanding of the proceedings against [her]." *United States v. Fernandez*, 388 F.3d 1199, 1251 (9th Cir. 2004) (second alteration

---

[1] Another panel of this court affirmed the convictions and sentences of Bolanos's co-defendants. *See United States v. Combs*, 705 F. App'x 620 (9th Cir. 2017).

[2] "[O]n appeal the analysis is the same" regardless of whether the defendant moved for a competency hearing in district court. *Dreyer*, 705 F.3d at 964 n.4; *see also id.* at 960-61; 18 U.S.C. § 4241(a) ("The court shall grant the motion [for a competency hearing], or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.").

2

in original) (quoting *Torres v. Prunty*, 223 F.3d 1103, 1106 (9th Cir. 2000)).

Here, the district court was amply justified in not experiencing doubt as to Bolanos's competence. It is true that Bolanos refused to comply with court procedures and espoused during pretrial proceedings strongly held beliefs regarding the tax system that are characteristic of the sovereign citizen movement. Nevertheless, as the district court found, that pretrial conduct gave "no indication … that she was not competent," particularly given that she had "properly" interacted with the district court the week prior concerning "her giving up her right to present [an] affirmative defense and to testify." Overall, the district court "saw nothing in the courtroom of her conduct that would indicate … that she was not capable of understanding what is happening in the court." Moreover, until the outburst at trial, standby counsel (who ultimately served as trial counsel) never expressed a suspicion that she might be incompetent, while the magistrate judge, in determining whether to appoint standby counsel, concluded that she was "obviously an intelligent person who can research the law." Bolanos also had "no medical history evidence indicating incompetenc[e]." *United States v. Garza*, 751 F.3d 1130, 1135 (9th Cir. 2014). Accordingly, the district court did not err in concluding that Bolanos's conduct did not indicate incompetence.[3]

---

[3] For these same reasons, the district court did not abuse its discretion in declining to order a psychiatric examination under 18 U.S.C. § 4241(b). *See United States v. George*, 85 F.3d 1433, 1437-38 (9th Cir. 1996).

**2.** The district court properly denied Bolanos's motion for a mistrial. In *United States v. McCormac*, 309 F.3d 623 (9th Cir. 2002), we gave three reasons for affirming the denial of such a motion on similar facts. First, we observed that a "district court's assessment of the jury's ability to remain impartial . . . is accorded substantial weight [on appeal] because the district court is in the best position to ascertain whether an event is prejudicial." *Id.* at 626. Second, we noted that the district court in *McCormac* provided a "fair, matter-of-fact explanation of the circumstances" surrounding the defendant's outburst and that it conducted a "careful inquiry into the jurors' ability to remain impartial," which we held was "sufficient to cure any prejudicial effects." *Id.* Third, we warned that faulting the district court for declining to declare a mistrial would have allowed the defendant to "profit from her own misconduct." *Id.* Our reasoning in *McCormac* applies equally here.

**3.** The district court properly instructed the jury regarding the mental state required by 18 U.S.C. § 287. The statute criminalizes making a "claim upon or against the United States . . . *knowing* such claim to be false, fictitious, or fraudulent." *Id*. (emphasis added). Accordingly, we have on several occasions explained that, when it comes to "false" claims under § 287, "the government only ha[s] to prove that the statement was known to be untrue at the time [that the defendant] made it." *United States v. Milton*, 602 F.2d 231, 233 (9th Cir. 1979);

4

*accord United States v. Atalig*, 502 F.3d 1063, 1067 (9th Cir. 2007); *United States v. Causey*, 835 F.2d 1289, 1292 (9th Cir. 1987). In this case, the district court's jury instructions conveyed exactly that. Nothing more was required.[4]

**AFFIRMED**.

---

[4] We have held that there was no error in two § 287 cases in which the district court gave an instruction on willfulness. *See Milton*, 602 F.2d at 233 n.6, 234 n.9; *United States v. Dorotich*, 900 F.2d 192, 194 n.2 (9th Cir. 1990). But we have never held that in all § 287 cases the district court must give such an instruction.