**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10148 |
| Plaintiff-Appellee, | DC No. 2:14-cr-00115-JAM-1 |
| v. | |
| KENNETH KNOCKUM, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for Eastern California, Sacramento
John A. Mendez, District Judge Presiding

Argued and Submitted September 4, 2018
San Francisco, California

Before: BERZON and FRIEDLAND, Circuit Judges, and DOMINGUEZ,**
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Daniel R. Domínguez, United States District Judge for the District of Puerto Rico, sitting by designation.

Kenneth Knockum ("Knockum") appeals his conviction and sentence for three violations of 18 U.S.C. § 287 for filing three separate false claims with the Internal Revenue Service ("IRS"). We affirm in part and remand in part.

1. The district court did not abuse its discretion in refusing to appoint requested advisory counsel. The district court provided a reasoned basis on which to deny the request: the cost of standby counsel, which, unlike the cost of representation, is not covered by the Criminal Justice Act. *See United States v. Salemo*, 81 F.3d 1453, 1459-60 (9th Cir. 1996); 7A *Guide to Judiciary Policy* § 220.55.20(b) (2018). As a result, the district court did not abuse its discretion in denying Knockum's request for advisory counsel.

2. Counts Two and Three, regarding claims to the IRS for the same amount in the same year, are not multiplicitous. The unit of charge under 18 U.S.C. § 287 is the presentation of a false claim. *See United States v. Causey*, 835 F.2d 1289, 1292 (9th Cir. 1987). Intent to collect separately on each claim is not required. *See id.*; *United States v. Milton*, 602 F.2d 231, 234 (9th Cir. 1979). Knockum's convictions for Counts Two and Three correspond to two separate presentations of false claims. As a result, Knockum's convictions on those counts are not multiplicitous.

3. However, a finding of intent to cause a loss is necessary to establish intended loss for the purpose of calculating the loss amount for sentencing. *See, e.g.*, *United States v. Tulaner*, 512 F.3d 576, 578 (9th Cir. 2008); U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.3(A)(ii) (U.S. Sentencing Comm'n). The district court record is unclear as to whether Knockum intended to recover for both 2007 claims. We remand to the district court to determine whether Knockum filed the duplicate claims with the intent to recover twice and, if not, to reduce his sentence accordingly.

4. Knockum's consecutive sentences are permissible under both the Sentencing Guidelines and the Double Jeopardy Clause of the Constitution. Under this court's precedent, "the district court retains discretion under 18 U.S.C. § 3584(a) to sentence either concurrently or consecutively despite the guidelines." *United States v. Pedrioli*, 931 F.2d 31, 32 (9th Cir. 1991). The record indicates that the district court considered the factors set forth in 18 U.S.C. § 3553(a) in determining that a consecutive sentence was appropriate. And sentencing a defendant separately for each unit of prosecution does not violate the Double Jeopardy Clause. *United States v. Alverson*, 666 F.2d 341, 347 (9th Cir. 1982).

**AFFIRMED in part, REMANDED in part.**