**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. ROBERT JACKSON, Defendant-Appellant. | No.   16-50477 D.C. No. 2:13-CR-00674-CAS-2 MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, Senior District Judge, Presiding

Argued and Submitted November 13, 2018
Pasadena, California

Before:  GOULD and MURGUIA, Circuit Judges, and AMON,[**] District Judge.

On August 22, 2016, a jury found Defendant-Appellant Robert Jackson guilty

of four counts of submitting false or fictitious claims to the Defense Finance and

Accounting Service in violation of 18 U.S.C. § 287 and one count of conspiracy to

do the same in violation of 18 U.S.C. § 286.  At trial, the Government offered

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

evidence that Bladimir Flores—an administrative staff sergeant within Jackson's United States Marine Corp unit—submitted fabricated travel reimbursement requests on Jackson's behalf and that, in return, Jackson paid kickbacks to Flores. Jackson now brings a number of challenges to his conviction and to the restitution order subsequently entered against him. For the reasons stated below, Jackson's conviction is AFFIRMED but the order of restitution is VACATED AND REMANDED for further proceedings consistent with this disposition.

**1.** First, Jackson brings four challenges to the jury instructions, none of which require reversal:

**a.** Jackson's argument that the district court's § 286 conspiracy charge did not adequately inform the jury that he "entered into an agreement with another to defraud the United States," Appellant's Brief at 24, fails because the court specifically charged that the jury must find that "there was an agreement between two or more persons to obtain or aid in obtaining the payment of false or fictitious claims" and that "the defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy," Appellant's Excerpts of Record at 79. This instruction mirrored Ninth Circuit Model Criminal Jury Instructions 8.20 and 8.21, which have been cited favorably by this Circuit. *See United States v. White Eagle*, 721 F.3d 1108, 1113 (9th Cir. 2013).

**b.** The district court did not err by failing to instruct the jury that it could only convict on the § 287 false claims charges if they found that Jackson acted "willfully" or with "intent to defraud." When the Government proceeds on the theory that a defendant submitted "false or fictitious" rather than "fraudulent" claims, the Government needs to prove only knowledge. *United States v. Milton*, 602 F.2d 231, 233 (9th Cir. 1979) ("[T]he government only ha[s] to prove that the statement was known to be untrue at the time [the defendant] made it.").

**c.** Jackson's argument that the district court erred by failing to instruct on a "good faith" defense is unpersuasive for a similar reason. "[T]he failure to give an instruction on a 'good faith' defense is not fatal so long as the court clearly instructed the jury" on the necessary intent element. *United States v. Dorotich*, 900 F.2d 192, 193 (9th Cir. 1990) (quoting *United States v. Solomon*, 825 F.2d 1292, 1297 (9th Cir. 1987)). Here, the district court properly instructed on the knowledge element.

**d.** Finally, the district court did not err by instructing that the knowledge element could be satisfied if the jury found that Jackson acted with "deliberate indifference" to whether false claims were being submitted on his behalf. The evidence presented supported the conclusion that Jackson knew that he was receiving unusually large travel reimbursements and did nothing to investigate their legality. *Cf. United States v. Walter-Eze*, 869 F.3d 891, 910 (9th Cir. 2017). It is of no moment that the evidence also supported a finding of actual knowledge. When

the evidence could support the conclusion that a defendant acted with actual knowledge or deliberate indifference, instruction on both theories is proper. *United States v. Heredia*, 483 F.3d 913, 922–23 (9th Cir. 2007) (en banc).

**2.** Jackson also challenges the Government's decision—made shortly before trial—to proceed on the theory that Jackson submitted "false and fictitious" claims rather than "false, fictitious, or fraudulent" claims. He argues that this decision constituted an improper "constructive amendment" of the indictment and "variance" from the facts charged therein. But "constructive amendment only applies to the broadening, rather than the narrowing, of indictments." *United States v. Wilbur*, 674 F.3d 1160, 1178 (9th Cir. 2012). Here, the Government proceeded to trial on fewer theories than charged in the indictment. Further, it is permissible for the Government to prove facts at variance with those charged in the indictment "so long as the variance does not alter the behavior for which the defendant can be convicted." *United States v. Hartz*, 458 F.3d 1011, 1021 (9th Cir. 2006) (quoting *United States v. Garcia-Paz*, 282 F.3d 1212, 1216 (9th Cir. 2002)) (internal alterations omitted). Here, the Government's proof at trial relied on the same travel reimbursements charged in the indictment. Accordingly, Jackson's constructive amendment and variance challenges are meritless.

**3.** Jackson brings two challenges to the exclusion and inclusion of evidence at trial.

**a.** Jackson argues that the district court violated his right to present a defense by excluding five lay witnesses who would have testified about Jackson's mental function following a brain injury he sustained in Iraq. But precluding this evidence did not violate Jackson's constitutional rights. Jackson was able to present the substance of his defense through the testimony of his rehabilitation physician and an expert clinical psychologist. *Cf. United States v. Spangler*, 810 F.3d 702, 708 (9th Cir. 2016); *United States v. Waters*, 627 F.3d 345, 354 (9th Cir. 2010).

**b.** Jackson's argument that the expert rebuttal testimony of Dr. Cohen was impermissible fares no better. Dr. Cohen testified to his opinion that Jackson could form the requisite *mens rea* to support a conviction. As the district court held, this was proper because:

> The clear implication of [Jackson's expert's] testimony, although she did not offer her own direct opinions as to Jackson's mental capacity, was that Jackson's undisputed [mental conditions] could have caused him to have a diminished capacity. Accordingly, Cohen was properly permitted to offer testimony to show that Jackson did not actually have such diminished capacity . . . .

Government's Excerpts of Record at 84.

**4.** Jackson's final challenge concerns the restitution ordered against him at sentencing. His challenge is largely procedural. He argues that the district court

was obligated to resolve his challenges to the Probation Department's restitution recommendation through explicit, on-the-record findings.

The Mandatory Victim Restitution Act "recognizes that specific findings of fact are necessary at times and contemplates that the district court will set forth an explanation of its reasoning, supported by the record, when a dispute arises as to the proper amount of restitution." *United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008). Here, Jackson raised a dispute about Probation's restitution calculation. He argued that Probation improperly relied upon acquitted conduct in calculating restitution, that his restitution should be offset by reimbursements to which he was legitimately entitled, and that a preponderance of the evidence did not support finding that many of the claims were in fact false. The district court did not resolve any of these objections on the record. Instead, the court "ordered that the defendant shall pay restitution in the amount of $115,754.60" without further discussion. Government's Excerpts of Record at 26. Without expressing an opinion on the merits of Jackson's challenges to the calculation, Jackson's order of restitution is vacated and remanded for an "explanation of its reasoning, supported by the record." *Waknine*, 543 F.3d at 556.

For the foregoing reasons, Jackson's conviction is AFFIRMED, and his order of restitution is VACATED AND REMANDED for further proceedings.