STATE of Maine

v.

Catherine BETTNEY.

Supreme Judicial Court of Maine.

Argued June 11, 1987.

Decided Aug. 18, 1987.

Paul Aranson, Dist. Atty., Ann Jud (orally), Asst. Dist. Atty., Portland, for plaintiff.

Catherine Bettney, pro se, (orally).

Schuyler G. Steele (orally), Brown & Steele, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

PER CURIAM.

Catherine Bettney appeals from the judgment by the Superior Court (Cumberland County) affirming her conviction by the District Court (Portland) for disorderly conduct, 17-A.M.R.S.A. § 501 (1983). On appeal Bettney contends, as she did in Superior Court, that the District Court denied her the rights of self-representation and effective representation by counsel guaranteed by the Sixth Amendment of the United States Constitution.

A thorough review of the record reveals no interference with Mrs. Bettney's right to represent herself. Over Mrs. Bettney's objection, the District Court judge appointed counsel only for standby purposes, stating that "[t]he point of having [the attorney] sit in is to assist Mrs. Bettney as much as he can in procedural matters, and certainly no full responsibility should be placed on his shoulders." The appointment of standby counsel for procedural purposes does not infringe a defendant's right of self-representation. *See McKaskle v. Wiggins,* 465 U.S. 168, 183, 104 S.Ct. 944, 953, 79 L.Ed.2d 122 (1984).

Counsel ultimately participated at trial more extensively than anticipated by the District Court judge. However, that fact does not support Mrs. Bettney's claim that she was deprived of her right of self-representation because Mrs. Bettney herself progressively turned toward that standby counsel to perform more and more of the functions of trial counsel for her.

A defendant's invitation to counsel to participate in the trial obliterates any claim that the participation in question

deprived the defendant of control over his own defense. ... Even when he insists that he is not waiving his [right of self-representation], a *pro se* defendant's solicitation of or acquiescence in certain types of participation by counsel substantially undermines later protestations that counsel interfered unacceptably.

*Id.* at 182, 104 S.Ct. at 953. Mrs. Bettney fully acquiesced in everything counsel did at trial on her behalf. Appointed counsel conducted all cross-examination of the State's witnesses and put Mrs. Bettney herself on the witness stand and conducted the direct examination. Mrs. Bettney actively sought the help of appointed counsel in objecting to certain evidence the State sought to introduce and in introducing documentary evidence that she had brought with her to court. She conferred with appointed counsel at least twice during the examination of the State's witnesses. By doing so, Mrs. Bettney fatally undermined her assertion that counsel interfered unacceptably with her right of self-representation.

■ A thorough review of the record also reveals nothing to support Mrs. Bettney's second claim, that appointed counsel fell short of effectively representing her in whatever she permitted or requested him to do. The fact that the attorney had only fifteen or twenty minutes to prepare for his role in the proceeding does not demonstrate the "serious incompetency, inefficiency or inattention" necessary under *Lang v. Murch*, 438 A.2d 914, 915 (Me.1981), to support a claim of ineffective assistance of counsel. Mrs. Bettney fails to show any specific way in which the shortness of time available to the appointed counsel worked any prejudice to her. In fact, Mrs. Bettney herself was responsible for that shortness of time by rejecting an offer by the District Court judge for a continuance and insisting that the case go forward without delay.

The entry is:

Judgment affirmed.

All concurring.