Raul Alfaro **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–87–00386–CR.

Court of Appeals of Texas, San Antonio.

Dec. 28, 1988.

Rehearing Denied Jan. 25, 1989.

Discretionary Review Refused April 12, 1989.

John Wilson Rowland, McAllen, for appellant.

Fred G. Rodriguez, Mike Granados, Mark Embry, Daniel Thornberry, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and REEVES and CHAPA, JJ.

## OPINION

REEVES, Justice.

Appellant was indicted for unlawful delivery of a controlled substance. After a jury trial, he was convicted and sentenced to 45 years imprisonment in the Texas Department of Corrections. We affirm the judgment of the trial court.

After a hearing on the indigency of appellant, the trial court appointed an attorney, Jeffrey Scott, to represent him. On the day the case was set for trial, Scott presented a motion to withdraw as counsel for appellant, informing the court he had attempted to meet with appellant three times at the Bexar County Jail, but each time appellant refused to talk to him. Appellant countered alleging when he did talk to Scott during the motion docket, Scott had verbally abused him. Appellant indicated he did not want Scott to represent him. The court denied Scott's motion but did allow a thirty day postponement to allow Scott to continue his various pre-trial motions.

On June 23, appellant, pro se, filed a Motion to Dismiss Appointed Counsel and stated, in the motion, he wanted to proceed pro se. At a pre-trial conference that same day, the trial court denied the motion. However, the court did allow appellant to represent himself. The court ordered Scott to stay in the courtroom in the event appellant needed his guidance. Trial then proceeded.

Appellant contends the trial court erred in:

1. Permitting appellant to represent himself pro se because appellant did not voluntarily and knowingly waive his right to counsel, but was compelled to represent himself without obligatory warnings and admonishments concerning the dangers and disadvantages of self-representation;

2. Denying appellant's motion to dismiss appointed counsel;

3. Denying appellant's right to appear pro se;

4. Denying the appellant effective assistance of counsel. A defendant has an independent constitutional right of self-representation, and he may proceed to defend himself without counsel when he voluntarily and intelligently elects to do so. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In determining whether a valid waiver of counsel has been made, *Faretta* requires and the Texas Court of Criminal Appeals has stressed (1) the appellant must make a knowing and intelligent waiver and (2) the appellant must be made aware of the dangers and disadvantages of self-representation. *Geeslin v. State,* 600 S.W.2d 309, 313 (Tex.Crim.App.1980). Texas jurisprudence requires no formulaic questioning to establish a knowing and intelligent waiver nor will it author a script for courtroom recitation by a trial judge faced with this dilemma. *Blankenship v. State,* 673 S.W.2d

578, 583 (Tex.Crim.App.1984). On the other hand, *Faretta* does not authorize trial judges to sit idly by doling out enough legal rope for defendants to participate in impending courtroom suicide. *Id.* A judge must investigate as long and as thoroughly as the circumstances of the case before him demand. *Id., citing Von Moltke v. Gillies,* 332 U.S. 708, 723, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948).

■ In the record before us, it is obvious that appellant was insistent upon representing himself:

THE DEFENDANT: Are you going to make a ruling on my Pro Se Motion (to dismiss) appointed counsel?

THE COURT: Yes, sir. I've denied that, because I can't permit—I can't permit the clients to tell me who to appoint. If you want to hire a lawyer, I'll permit you to hire one. But I can't let you choose, because they won't permit me to do that.

THE DEFENDANT: Nowhere in the motion did I imply that I wanted to choose the attorney, Your Honor. I don't even ask the Court to reappoint an attorney. In fact, I have asked the Court to allow me to represent myself.

The record further indicates the court emphatically advised appellant not to attempt self-representation. The court pointed out to appellant the dangers of representing himself; he was not knowledgeable as to the rules and procedures necessary to properly assert his defense. Scott elicited from appellant that appellant had been informed that his planned defense of entrapment required that he take the stand and admit the charge against him. Appellant was further informed that on cross examination he could be impeached for prior convictions, of which appellant had several. The range of punishment was not explained. However, the State had at first offered appellant forty years on a guilty plea which was later changed to thirty years. Appellant was aware that a finding of guilty could possibly mean the same or a stiffer sentence. He received 45 years imprisonment. After voir dire examination, the trial court again admonished appellant of the dangers of self-representation; the admonishment ignored. The following transpired:

THE COURT: I know you are able to read and write, because you filed your own pro se motion of some sort this morning; isn't that correct?

THE DEFENDANT: Yes, sir.

THE COURT: I think that you are capable. I mean, I have been conversing with you. The way you conducted your examination of the jury panel today was well done. I wanted to go over these things with you.

Although the trial court did not inquire into the formal education of appellant, the record reflects that by observation and talking to appellant, the court was satisfied that he had the intelligence and acumen to make the decision of waiving counsel. The appellant still insisted he wanted to represent himself. As was stated in *Blankenship,* "In the end however, a defendant must be allowed to represent himself 'if he truly want to do so.'" *Id.* at 584, *citing Faretta, supra,* 422 U.S. at 817, 95 S.Ct. at 2532. Appellant knowingly and intelligently waived counsel after proper inquiry by the trial court. Appellant's first point of error is overruled.

■ By his other points of error appellant now seeks to blame others because he was, in fact, granted his constitutional right of self-representation. Where an accused is not satisfied with appointed counsel and cannot show adequate cause for the appointment of different counsel, *in the absence of a voluntary and intelligent waiver of counsel by the appellant,* he should be required by the court to accept appointed counsel and not be required to represent himself merely on the basis of his dissatisfaction with appointed counsel. *Renfro v. State,* 586 S.W.2d 496, 499–500 (Tex.Crim.App.1979), *citing Thomas v. State,* 550 S.W.2d 64, 68 (Tex.Crim.App. 1977) (emphasis added). Appellant made it

very clear he had not asked the court to appoint another attorney; pro se representation was his choice. Though the trial court denied appellant's motion to dismiss the court appointed counsel, appellant did represent himself.

Appellant further asserts he has been denied effective assistance of counsel. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). Appellant alleges (1) Scott did not file pre-trial motions until after the date set for trial; (2) Scott verbally abused appellant; (3) Scott did not prepare or investigate, other than to view the State's file; (4) Scott's only participation at trial was to make a record on the motions filed, the plea negotiations and his discussion on the entrapment defense; (5) Scott did not function in any way as a counsel.

 The *Faretta* court has made it clear, by way of a footnote, that where a convicted defendant has insisted upon self-representation, any subsequent claim of ineffective assistance of counsel is not to be considered. 422 U.S. at 834, 95 S.Ct. at 2540, 45 L.Ed.2d at 581. Therefore, we will consider the record up to the point where appellant's self-representation began. The record shows Scott was appointed counsel on February 22 and trial was set for March 23. There exists uncontroverted evidence that Scott attempted to see appellant three times, while appellant was in jail, and appellant refused to see him. It was also established Scott accompanied appellant to the motion docket on March 12. At this point, Scott had not filed any type of pre-trial motion. There is some evidence that he had viewed the State's file. Conversely, it is difficult to fault the attorney when the client is uncooperative.

After trial was reset, Scott filed some fifteen pretrial motions and obtained rulings on them. There exists testimony on the record that Scott had counseled appellant on the defense of entrapment and had given him materials on the subject when it was apparent that appellant was going to pursue self-representation. Appellant admitted, on the record, he had some conferences with Scott on the problems appellant would encounter if he testified in his own defense. There is evidence Scott had conducted plea bargain negotiations on behalf of appellant. There is evidence Scott had been to the district attorney's office on numerous occasions prior to trial and had been allowed access to the entire file, including the State's work products. The record clearly indicates Scott behaved reasonably to provide counsel.

 After insisting that Scott not represent him and after complaining when the trial court put Scott on a stand-by basis, appellant now complains that Scott did not participate in the trial. Where a defendant insists on self representation, a trial court may appoint counsel to be available at trial in case a defendant needs help. *See McKaskle v. Wiggins,* 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984). A defendant's Sixth Amendment right to conduct his own defense is not violated where a stand-by counsel's involvement is held within reasonable limits. *Id.* The record here shows Scott interjected himself to advise appellant he was not required to put on evidence and to advise appellant on elements and procedure of the charge. This involvement by Scott is well within *McKaskle's* limit. Appellant's remaining points of error are overruled.

The judgment of the trial court is affirmed.

CADENA, Chief Justice, concurring.

I agree that the trial court did not err in allowing appellant to represent himself and that appellant is in no position to claim ineffective assistance of counsel.