**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Henry R. COLE, Defendant–Appellee.**

**No. 87SA293.**

Supreme Court of Colorado,
En Banc.

June 5, 1989.

Rehearing Denied July 17, 1989.

Barney Iuppa, Dist. Atty., David H. Zook, Chief Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

Elvin L. Gentry, P.C., Elvin L. Gentry, Colorado Springs, for defendant-appellee.

ROVIRA, Justice.

The People challenge the trial court's order granting the defendant a new trial on the grounds that he did not receive effective assistance of counsel.[1] Because the record supports the trial court's ruling, we affirm.

## I.

Defendant, Henry R. Cole, was charged with felony theft and forgery arising from a transaction between Cole and the Cripple Creek–Victor School District (school district). Cole was an insurance agent in Cripple Creek, Colorado, and was affiliated with Advantage II, a licensed insurance agency in Colorado Springs, Colorado.

In July 1984, Cole persuaded the school district to purchase its insurance coverage from him. Cole accepted a premium payment from the school district and submitted an application for coverage with several insurance companies. Although none of the companies approved the application for coverage, Cole gave the school district several papers purporting to provide coverage.

Clifford Young, the school district superintendent, became suspicious that the papers he was given did not provide coverage and attempted to ascertain whether the school district was in fact covered under any insurance policy. When he was unable to verify coverage by any of the insurance companies that Cole purported to represent, Young initiated an investigation with the sheriff's department and the district attorney's office. As a result of the investigation, theft and forgery charges were filed.

On November 21, 1985, a jury trial began in Teller County District Court. Throughout the proceedings, Cole was represented by Richard Payne who was licensed to practice law in Colorado at the time. Cole was convicted of felony theft and acquitted of forgery. On January 24, 1986, after the trial court denied his motion for new trial, Cole was sentenced to two years with the department of corrections.

After sentencing, Cole was released on bond pending appeal. Payne, however, failed to perfect an appeal. Cole then retained new counsel to represent him. On October 9, 1986, Payne was suspended from the practice of law in Colorado based on disciplinary proceedings in Indiana which culminated in his disbarment in that state. After complaints were filed against Payne in Colorado, including a grievance filed by Cole, the Colorado Supreme Court Grievance Committee recommended that Payne be disbarred. On June 15, 1987, this court approved that recommendation, and Payne was disbarred. *See People v. Payne*, 738 P.2d 374 (Colo.1987).

Through his new counsel, Cole moved to set aside his conviction pursuant to Crim.P. 35(c) on the ground that Payne failed to provide effective assistance of counsel. At the hearing on his motion, before the same judge who presided at the trial, numerous witnesses testified regarding Payne's failure to adequately prepare for trial, his misconduct during trial, and the prejudice to Cole resulting from Payne's representation.

Rulon Larsen, a shareholder of Advantage II with whom Cole was affiliated, stated that, before he testified at trial, he

1. The appeal is before this court pursuant to   section 16–12–102, 8A C.R.S. (1986).

was not contacted by Payne regarding documents which could possibly have been exculpatory. Clifford Young, the school district superintendent, stated that he was not contacted by Payne regarding the nature of his testimony and did not speak to Payne until the trial. George Scott Briggs, an attorney appointed by the grievance committee to inventory Payne's files, testified that he found a small disorganized file for Cole's case that contained no significant work product and indicated no preparatory work by Payne. Furthermore, the Teller County Sheriff and two investigators from the district attorney's office, all of whom investigated the case, testified that they were not contacted or interviewed by Payne regarding the case.

Willard Hinkley, an insurance agent subpoenaed by Payne to testify as an expert on insurance matters, stated that he did not meet Payne or speak to him before the trial. According to Hinkley, after sitting outside the courtroom during the first day of trial, he was introduced to Payne by the deputy district attorney who was trying the case. Payne did not ask him what his expert opinion was regarding several documents in the case until that time, and prior to that time, Hinkley was not asked to review any documentation in the case.

Frieda Owens, Payne's former secretary, testified that she made no appointments for Payne to interview witnesses in Cole's case, and on the Friday before the trial was set to begin, Payne asked her to go to the district attorney's office to copy documents from the district attorney's files. Because she was unfamiliar with the case and the documents were numerous, she asked Payne to assist her. Instead of doing so, Payne sent Cole to the district attorney's office to help Owens copy the relevant documents. Owens also testified that Payne was irrational and was using cocaine at the time of his representation of Cole. Finally, Owens testified that she did not know of any positive steps that Payne took to investigate the case.

Dennis Hartley, an experienced criminal defense attorney, testified as an expert in criminal defense matters. Based on his investigation of the case and his review of the trial transcript, Hartley testified that it was his opinion that Payne failed to provide effective assistance of counsel. Not only did Hartley testify that Payne made several tactical errors which generally do not support a finding of ineffective assistance of counsel, but he also pointed out that Payne failed to interview witnesses, failed to prepare an expert witness, failed to introduce certain documents which could have been exculpatory, and failed to investigate the case. Payne also failed to timely file the notice of appeal which, in Hartley's opinion, constituted ineffective assistance of counsel by itself. In addition, Hartley testified that if Payne had properly prepared the case, then the trial would have had a different result.

Finally, Cole testified that he only met with Payne four or five times, and none of the meetings lasted more than 15 minutes. Cole also testified to the following examples of misconduct by Payne. After receiving $1,000 to submit a motion attacking the trial court's finding of probable cause, Payne did not file the motion, but instead used the money to go to a party in another state. Less than a week before trial, Cole went to Payne's office to discuss the case and found that Payne had not subpoenaed witnesses or prepared any exhibits for trial. During the trial, Payne told Cole that he would not proceed unless Cole paid him more money. Cole also formulated the questions to be asked of each witness based on his perception of what each witness should know because Payne had gathered no information about the witnesses. When questioned about why he did not attempt to retain another attorney, Cole responded that Payne was a "very good talker" and was able to convince him that he knew what he was doing. According to Cole, it was not until later that he learned of the extent to which Payne's representation was incompetent.

After hearing the testimony of these witnesses, the trial court took the matter under advisement. In ruling that Payne failed to provide effective assistance of counsel, the trial court applied *Strick-*

*land v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). With respect to the first prong of the *Strickland* test, which requires that the acts of counsel be outside the range of professionally competent assistance, the trial court stated:

[T]he first question [in *Strickland*] is easier to answer than the second one. The evidence presented at the hearings ... on this motion disclosed that defendant's former counsel undertook virtually no preparation for the trial until the very last minute, that he interviewed no witnesses, employed no investigator, consulted with no experts in either the insurance field or in the accounting field, and that he did no legal research. At least his file indicated that he had done none of those things, his office staff indicated that he had done none of those things, and there was other evidence also to confirm that.

So without any question, the performance of counsel fell below any objective standard of reasonableness. We're not talking about errors of judgment here or mistakes in tactics or that kind of thing. Counsel's conduct as described by the witnesses purely and simply amounted to perpetration of fraud on his client.

With respect to the second prong of the *Strickland* test, which requires that there be a reasonable probability that the result would have been different without counsel's errors, the trial court stated:

The harder question here for me has been whether there is a reasonable probability that the result would have been different had counsel been properly prepared.... It's difficult to say that a different outcome would have followed if the defense had done a halfway decent job of investigation and preparation.

... The bad thing about the case, as I said, is that we're not talking about some negligence, really, on the part of counsel or—Well, we're not talking about what you might term as negligent but innocent blunders, we're talking about [perpetrating] a fraud, in a sense doing to Mr. Cole the very same thing that Mr. Cole is accused of doing in this case, taking money from—for a nonexistent product. I just don't believe the People of the State of Colorado and the courts of this state can be a party to that kind of business. The result might have been the same, but I simply—I simply cannot assume that.

Accordingly, the trial court granted Cole's request for a new trial. We believe that the trial court applied the correct standard and its ruling is amply supported by the evidence.

## II.

A defendant's right to effective assistance of counsel is guaranteed by the United States and Colorado Constitutions. U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 16. In order to obtain relief based on a claim of ineffective assistance of counsel, a defendant must satisfy the test adopted by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and followed by this court. *See, e.g., Stern v. County Court,* 773 P.2d 1074, 1080 (Colo. 1989); *People v. District Court,* 761 P.2d 206, 209 (Colo.1988); *People v. Pozo,* 746 P.2d 523, 527–29 (Colo.1987); *People v. Oliver,* 745 P.2d 222, 228 (Colo.1987); *People v. Norman,* 703 P.2d 1261, 1272–73 (Colo. 1985). The two-prong test of *Strickland* requires a defendant to demonstrate first, that "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance," and second, that he suffered prejudice from his counsel's ineffectiveness, that is, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland,* 466 U.S. at 690, 694, 104 S.Ct. at 2068.

## A.

The People argue that Cole failed to meet his burden of proving that, in light of all the circumstances, Payne's acts and omissions were constitutionally inadequate. The People also argue that Cole failed to

prove prejudice resulting from Payne's representation.

The record of the hearing on Cole's motion reveals that Payne failed to interview witnesses before trial, did no legal research, and failed to consult experts in the accounting or insurance fields. In short, there was virtually no investigation or preparation before the trial. The evidence in support of the first prong of the *Strickland* test was overwhelming, and the trial court was correct in reaching the conclusion that Payne's performance fell below the standard of professionally competent assistance. With regard to the second prong of the *Strickland* test, the trial judge was of the opinion that he could not assume that the result would have been the same if Payne "had done a halfway decent job of investigation and preparation" and had not perpetrated a fraud in his representation of Cole.

Although the trial court's ruling on the prejudice prong of the *Strickland* test is not a verbatim application of the language of *Strickland,* we believe it is clear that the trial judge was convinced that there was a reasonable probability that the result would have been different if Payne had provided professionally competent assistance.

### B.

The People also argue that Cole waived his right to effective assistance of counsel by stating at a pretrial hearing that he was ready to go to trial. At the hearing on his Rule 35(c) motion, Cole testified that Payne had assured him that he was prepared for trial and had done the research and investigation necessary. According to Cole, he did not find out until later that Payne was lying about the preparation he claimed to have done.

" 'Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive for it affects his ability to assert any other rights he may have.' " *United States v. Cronic,* 466 U.S. 648, 654, 104 S.Ct. 2039, 2044, 80 L.Ed.2d 657 (1984) (citation and footnote omitted). The right to be represented by counsel of which the Court speaks is the right to effective assistance of counsel. *See id.*

 We agree with the trial court that Cole did not knowingly and intelligently waive his right to effective assistance of counsel. In addition, in his order granting a new trial, the trial judge stated that he did not believe Cole knew about Payne's lack of preparation and elected to go to trial anyway hoping to assert ineffective assistance of counsel if he was convicted.

The record in this case supports the trial court's order granting a new trial based on ineffective assistance of counsel. Accordingly, the trial court's order is affirmed.