The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Gregory L. DOWNEY, Defendant–
Appellant.

No. 97CA2221.

Colorado Court of Appeals,
Div. I.

July 8, 1999.

Certiorari Granted March 13, 2000.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Elizabeth E. Pinckard, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Office of Jane Hazen, Jane Hazen, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CRISWELL.

Defendant, Gregory L. Downey, appeals from the denial of his motion for post-conviction relief pursuant to Crim. P. 35(c). We affirm.

Defendant was convicted of possession of contraband, attempted escape, conspiracy to commit escape, and five habitual criminal counts, and he appealed from those convictions. Initially, a public defender was appointed to represent defendant on that appeal, but upon his request, the district court allowed him to proceed *pro se*. That court, however, also appointed a private attorney to act as advisory counsel.

Defendant's convictions were affirmed, but the cause was remanded to the district court for a proportionality review of the sentence imposed. *See People v. Downey*, (Colo.App. No. 91CA0522, October 1, 1992) (not selected for official publication).

The same attorney appointed to serve as advisory counsel during the appeal was appointed by the district court to represent defendant in that review proceeding. How-

ever, upon discovering that defendant had filed a *pro se* motion for post-conviction relief pursuant to Crim. P. 35(c), alleging ineffective assistance of his appellate counsel, that attorney withdrew, and ultimately, another private counsel was appointed to represent defendant on that motion.

In his motion, as later amended, defendant maintained that, after he was convicted and sentenced, his mother had contacted a private attorney and had asked him to represent her son in his appeal. This attorney did not enter his appearance in the case, but instead, he allegedly agreed, for a fee of $3,000, to draft the briefs for the appeal and to have defendant file them as a *pro se* litigant. It was this same attorney that the court later appointed as advisory counsel for defendant's appeal.

Defendant's amended motion asserted that this attorney's services were not those of advisory counsel, but that he had fully represented defendant and that he had provided ineffective assistance to him. This latter allegation was based upon defendant's assertion that he had requested this attorney to seek a hearing in the trial court upon defendant's allegation that his trial counsel had been ineffective, but that this attorney had refused this request and had, instead, presented argument upon this issue in the briefs filed in defendant's direct appeal.

The court denied defendant's motion, concluding that the attorney was specifically engaged by defendant and appointed by the court to serve as advisory counsel only. Accordingly, the court concluded that defendant had no basis to assert a Sixth Amendment violation based on a claimed inadequacy of advisory counsel.

Before us, defendant contends that the record does not support the court's conclusion that the attorney acted only as advisory counsel. He asserts, rather, that the record demonstrated that there was an understanding that this individual would actually represent defendant in the appeal. Alternatively, he argues that, even if this attorney was initially acting only in the capacity of advisory counsel, he had actually taken over the case and, by doing so, had assumed the re-

sponsibility of rendering effective assistance to defendant. We disagree with both of these claims.

### I.

We initially consider whether a defendant may pursue a claim of ineffective assistance of counsel against an attorney acting in only an advisory capacity. We conclude that he may not.

■ When a defendant elects to represent himself or herself, that defendant waives any Sixth Amendment right to counsel. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Hence, such a defendant cannot later complain that his or her own actions in that self-representation resulted in ineffective assistance for purposes of that Amendment. *People v. Romero,* 694 P.2d 1256 (Colo.1985).

■ Similarly, a defendant who elects self-representation has no right to the appointment of advisory counsel. The decision to appoint such counsel, which appointment is simply a method to assure that, if a defendant demonstrates that he or she is incompetent to represent himself or herself, advisory counsel will be available, rests within the trial court's sound discretion. *People v. Romero, supra.*

■ Further, although no Colorado case has yet addressed the issue, the courts in other states have, substantially uniformly, agreed that the appointment of advisory counsel does not change a defendant's status. A defendant's waiver of Sixth Amendment rights by electing self-representation is not affected by the court's appointment of advisory counsel. *See, e.g., State v. Oliphant,* 47 Conn.App. 271, 281, 702 A.2d 1206, 1212 (1997), in which it was stated:

> We begin our analysis with the proposition that a defendant does not have a state or federal constitutional right to standby counsel. . . . Once a defendant has properly embarked on the path of self-representation, his constitutional right to counsel ceases. . . . The defendant's claim that he was denied the effective assistance of counsel is without merit because, after deciding to proceed pro se, he had no constitutional right to the effective assistance of counsel in any capacity.

*See also Moore v. State,* 142 Ga.App. 145, 235 S.E.2d 577 (1977) (a *pro se* defendant cannot claim that his advisory counsel rendered ineffective assistance because he was not represented by that advisory counsel); *Carter v. State,* 512 N.E.2d 158 (Ind.1987); *State v. Randall,* 530 S.W.2d 407 (Mo.App. 1975).

■ This analysis is persuasive. Hence, we conclude that, if a defendant relinquishes the right to representation by counsel, that defendant also relinquishes the right to pursue any claim of ineffective assistance in the event that advisory counsel is appointed.

If, therefore, the trial court's factual finding here, that the attorney acted only as advisory counsel to defendant, is supported by the record, then defendant's allegations respecting the adequacy of that attorney's advice and actions must be rejected on their face.

### II.

■ We conclude that the trial court's findings with respect to this issue find support in the record.

At the hearing on his Crim. P. 35(c) motion, defendant testified that he and the attorney, who had been paid a $3,000 retainer, had an understanding that, although the attorney would draft the opening brief, defendant would file that brief in a *pro se* capacity. At some later date, according to defendant, the attorney was to enter his appearance and take over the case to see it through the appellate process and to request a limited remand to have the trial court consider the issue of the alleged ineffective assistance of trial counsel. Defendant also testified that the attorney was to speak on his behalf at the proportionality review hearing.

The attorney's testimony was at odds with defendant's. The attorney admitted that he had received the retainer and that he had drafted the appellate briefs for defendant's signature. He stated, however, that, from the very beginning, defendant had made it clear that his prior experiences with attorneys had not been positive and that he had wanted to proceed on a *pro se* basis on the appeal.

The attorney also testified that defendant was in charge of the decisions made on his

appeal and that the attorney's role was nothing more than advisory. Finally, he testified that, while drafting the appellate briefs, he had received numerous lengthy letters from the defendant, directing him as to the issues that should be included in the briefs. According to the attorney, the content of the briefs, including the issue of effective assistance of trial counsel, was determined almost completely by the defendant. It was defendant's decision, he testified, to raise the issue of ineffective assistance of trial counsel in the appellate briefs and not to file a motion for consideration of that issue by the trial court.

Another witness, a public defender, corroborated a portion of this testimony, testifying that defendant's advisory counsel had called him while the appeal was pending and had expressed concern about raising the issue of ineffective assistance of trial counsel in the appellate briefs, rather than in a Crim. P. 35(c) proceeding. This witness testified that he believed advisory counsel had tried to counsel defendant not to raise the issue on direct appeal.

The weight and credibility to be given the testimony of witnesses in a Crim. P. 35(c) hearing are within the province of the trial court. *Lamb v. People*, 174 Colo. 441, 484 P.2d 798 (1971). And, if there is sufficient evidence in the record to support the court's findings, the ruling will not be disturbed on review. *People v. McClellan*, 183 Colo. 176, 515 P.2d 1127 (1973).

Here, although defendant did delegate responsibility for the actual drafting of the briefs, the record supports the trial court's conclusion that defendant did not relinquish his right to self-representation. He remained in charge of his case and made the critical decisions concerning his appeal. Accordingly, the trial court did not err in denying defendant's Crim. P. 35(c) motion based on ineffective assistance of counsel.

The order is affirmed.

Judge METZGER and Judge DAVIDSON concur.