Gregory DOWNEY, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

No. 99SC664.

Supreme Court of Colorado, En Banc.

June 25, 2001.

Jane Hazen, Denver, CO, Attorney for Petitioner.

Ken Salazar, Attorney General, Evan W. Jones, Assistant Attorney General, Appellate Division, Criminal Justice Section, Denver, CO, Attorney for Respondent.

Justice MARTINEZ delivered the Opinion of the Court.

In this opinion, we consider the defendant's claim of ineffective assistance of his prior appellate attorney, who was appointed by the trial court as advisory counsel. Generally, a defendant assisted by advisory counsel has elected to represent himself and has waived the right to be represented by an attorney. Because a defendant who has waived the right to counsel has no constitutional right to advisory counsel, he may not ordinarily maintain a claim of ineffective assistance of advisory counsel. However, such a defendant may have a claim for ineffective assistance of advisory counsel if such counsel assumes a broader role, and exercises a degree of control appropriate for legal representation with respect to all or some part of the proceedings.

Here, the record supports the trial court's finding that advisory appellate counsel did not assume a broader role and exercise a degree of control appropriate for legal representation.[1] Thus, we agree with both the trial court and the court of appeals that Downey may not maintain a claim for ineffective assistance of advisory appellate counsel. Accordingly, we affirm the judgment of the court of appeals.

I.

The defendant, Gregory Downey (Downey), was convicted of possession of contraband, attempted escape, conspiracy to commit escape, and five counts of habitual criminal. After Downey filed a notice of appeal raising the issue of ineffectiveness of trial counsel, his trial counsel filed a motion to withdraw. The trial court appointed counsel to represent Downey in his appeal.

█ Despite the trial court's appointment of counsel, Downey retained a private attorney to aid him with his appeal but asked the court to allow him to proceed without counsel. The trial court agreed to allow Downey to proceed *pro se,* but appointed the attorney Downey had privately retained to continue to act as advisory counsel.[2] After a partially successful appeal, Downey filed a Crim.P. 35(c) motion claiming ineffective assistance of his advisory appellate counsel. Specifically, Downey claimed that his advisory appellate counsel had provided ineffective assistance by raising the issue of ineffective assistance of trial counsel on direct appeal instead of in post-conviction proceedings.[3]

---

1. Although Downey made claims for both ineffective assistance of trial counsel and ineffective assistance of appellate counsel, we are concerned here with Downey's claim that his advisory counsel was ineffective during his appeal. Therefore, this opinion does not address Downey's claim for ineffective assistance of trial counsel.

2. This attorney was not present at the hearing in which the trial court appointed him as advisory counsel. Further, the trial court did not know that Downey had already paid this attorney a $3,000 retainer when it appointed the attorney as advisory counsel. After learning of his appointment as advisory counsel, the attorney immediately contacted the court regarding the situation. The trial court agreed that the attorney would continue as advisory counsel with the understanding that the State would not pay for services covered by the retainer.

3. Review of a claim of ineffective assistance of trial counsel that is raised on direct appeal is limited to the existing record, whereas a claim of ineffective assistance of trial counsel raised in post-conviction proceedings may be supplemented by evidence supporting the claim. *People v. Blehm,* 983 P.2d 779, 788 (Colo.1999).

At a hearing on the Crim.P. 35(c) motion, Downey testified that his advisory appellate counsel agreed to write the briefs in his appeal, but that Downey agreed to sign the briefs as if he were proceeding *pro se.* In contrast, his advisory appellate counsel testified that Downey wished to represent himself and that counsel merely agreed to act as advisory counsel. The trial court accepted advisory appellate counsel's account of the situation and held that he had acted solely as advisory counsel. Accordingly, the trial court concluded that Downey could not maintain a claim for ineffective assistance of appellate counsel under the circumstances.

The court of appeals affirmed, holding that a defendant who relinquishes the right to representation by counsel also relinquishes the right to pursue any claim of ineffective assistance of counsel. *People v. Downey,* 994 P.2d 452, 454 (Colo.App.1999). We granted certiorari.[4]

## II.

■ It is well established that a defendant who represents himself waives the right to counsel, and thus, he does not have a claim for ineffective assistance of counsel. *See McKaskle v. Wiggins,* 465 U.S. 168, 177, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *People v. Romero,* 694 P.2d 1256, 1265 (Colo.1985); *People v. Lucero,* 200 Colo. 335, 341, 615 P.2d 660, 663 (1980). Both the United States and Colorado Constitutions guarantee the right to effective assistance of counsel. U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 16; *Armstrong v. People,* 701 P.2d 17, 19 (Colo.1985). As discussed in *Faretta v. California,* the express guarantee of the right to counsel implicitly embodies a correlative right to self-representation. 422 U.S. at 821, 95 S.Ct. 2525; *Romero,* 694 P.2d at 1263–64; *Lucero,* 200 Colo. at 340, 615 P.2d at 663. Furthermore, the Colorado Constitution expressly guarantees a criminal defendant "the right to appear and defend in person and by counsel."

*Romero,* 694 P.2d at 1263 (quoting Colo. Const. art. II, § 16). However, an accused who elects to proceed *pro se* relinquishes many of the traditional benefits associated with the right to counsel, including the Sixth Amendment right to the effective representation of counsel. *Faretta,* 422 U.S. at 819, 95 S.Ct. 2525.

■ In Colorado, a defendant who elects to proceed *pro se* and waives the right to counsel does not have a constitutional right to advisory counsel. *Romero,* 694 P.2d at 1265. Although a *pro se* defendant has no constitutional right to advisory counsel, a trial court may, nonetheless, permit a defendant the assistance of some type of advisory counsel. *McKaskle,* 465 U.S. at 183, 104 S.Ct. 944; *Romero,* 694 P.2d at 1265; *Reliford v. People,* 195 Colo. 549, 554, 579 P.2d 1145, 1148 (1978). When this occurs, advisory counsel serves as a resource available to assist the defendant with legal and procedural matters and to call the trial court's attention to matters favorable to the defendant. *Romero,* 694 P.2d at 1265; *Reliford,* 195 Colo. at 554, 579 P.2d at 1148; *People v. Doane,* 200 Cal.App.3d 852, 246 Cal.Rptr. 366, 372 (1988). Advisory counsel may assist a *pro se* defendant only if and when the defendant requests such assistance. *Lucero,* 200 Colo. at 341, 615 P.2d at 664.

In general, a defendant who knowingly and voluntarily waives his right to counsel and chooses to proceed *pro se* cannot later claim ineffective assistance of counsel. *Romero,* 694 P.2d at 1265; *Lucero,* 200 Colo. at 341, 615 P.2d at 663. *See People v. Bloom,* 48 Cal.3d 1194, 259 Cal.Rptr. 669, 774 P.2d 698, 717 (1989); *Doane,* 246 Cal.Rptr. at 369; *Rodriguez v. State,* 763 S.W.2d 893, 896 (Tex. Ct.App.1988). Thus, in *People v. Lucero,* this court denied a defendant's claim for ineffectiveness of advisory counsel where the defendant failed to request the aid of advisory counsel. 200 Colo. at 341, 615 P.2d at 663–64.

**4.** The precise issue on which we granted certiorari is:

> Did the attorney appointed as advisory counsel and at the same time retained by Petitioner

> proceeding *pro se,* who prepared the briefs on appeal for Petitioner's signature, fail in his obligation to render effective assistance of counsel to Petitioner.

However, other jurisdictions have permitted a criminal defendant to bring an ineffective assistance of counsel claim against advisory counsel under circumstances in which advisory counsel somehow assumed a broader role and exercised a degree of control appropriate for legal representation.[5] This situation may arise in a number of different contexts. For example, a defendant may initially be represented by counsel but then become dissatisfied with counsel's representation, and subsequently request to proceed *pro se*. *See McQueen v. Blackburn*, 755 F.2d 1174, 1177 (5th Cir.1985); *Hance v. Kemp*, 258 Ga. 649, 373 S.E.2d 184, 185–86 (1988); *Rodriguez*, 763 S.W.2d at 896. The trial court may then grant a defendant's request to represent himself. *See Hance*, 373 S.E.2d at 185–86 (hearing on motion for ineffective assistance of counsel claim warranted where ineffectiveness claim related to counsel's performance before defendant sought to act as co-counsel); *Rodriguez*, 763 S.W.2d at 896 (court to consider record up to the point where defendant's self-representation began). Under these circumstances, a defendant may maintain a claim for ineffective assistance of counsel for any acts or omissions that might have occurred before the defendant elected to proceed *pro se*. *Rodriguez*, 763 S.W.2d at 896.

Alternatively, a trial court might grant a defendant's motion to proceed *pro se*, but nevertheless appoint advisory counsel to assist the defendant. *See United States v. Causey*, 835 F.2d 1289, 1293 (9th Cir.1987); *State v. Bettney*, 529 A.2d 1356, 1356 (Me. 1987); *Estelle v. State*, 558 So.2d 843, 846 (Miss.1990). If a defendant elects not to make use of the assistance of appointed advisory counsel, or if advisory counsel merely advises a defendant, no claim for ineffective assistance arises. *Lucero*, 200 Colo. at 341, 615 P.2d at 663; *see also Causey*, 835 F.2d at 1293; *Estelle*, 558 So.2d at 847.

However, under some circumstances advisory counsel may assume a broader role in a defendant's representation, either in response to a *pro se* defendant's request for help, or through a defendant's acquiescence in certain types of participation by counsel. *See Bettney*, 529 A.2d at 1356–57. Once advisory counsel exceeds his role as advisory counsel and exercises a degree of control appropriate for legal representation, a defendant may assert an ineffective assistance of counsel claim "within the limited scope of the duties assigned to or assumed by counsel." *Bloom*, 259 Cal.Rptr. 669, 774 P.2d at 718; *Doane*, 246 Cal.Rptr. at 373; *M.S. Ali v. United States*, 581 A.2d 368, 380 (D.C.1990); *Hance*, 373 S.E.2d at 185–86; *Bettney*, 529 A.2d at 1357; *Rodriguez*, 763 S.W.2d at 896. The ineffectiveness of counsel analysis must focus on the role of advisory counsel, not the defendant's own representation or trial strategies within his control. *Doane*, 246 Cal.Rptr. at 373.

The objectives underlying a defendant's right to proceed *pro se* may be undermined by unsolicited and excessively intrusive participation by advisory counsel. *McKaskle*, 465 U.S. at 178, 104 S.Ct. 944. Therefore, some limits are imposed upon advisory counsel's unsolicited participation in a defendant's case. First, a *pro se* defendant must be allowed to control the organization and content of his own defense. *Id.* at 174, 104 S.Ct. 944. Thus, advisory counsel's participation over defendant's objection cannot allow counsel to substantially interfere with any significant tactical decisions, control the questioning of witnesses, or speak instead of the defendant on any matter of importance. *Id.* at 178, 104 S.Ct. 944. Second, advisory counsel may not, through unrequested participation, destroy the jury's perception that the defendant represents himself. *Id.* We conclude that although a defendant may not maintain a claim for ineffective assistance of

5. *See, e.g. United States v. Causey*, 835 F.2d 1289 (9th Cir.1987); *McQueen*, 755 F.2d at 1174; *Bloom*, 259 Cal.Rptr. 669, 774 P.2d at 698; *Doane*, 246 Cal.Rptr. at 366; *M.S. Ali v. United States*, 581 A.2d 368, 380 (D.C.1990); *Hance*, 373 S.E.2d at 184; *State v. Bettney*, 529 A.2d 1356 (Me.1987); *Estelle v. State*, 558 So.2d 843 (Miss.1990); *Rodriguez*, 763 S.W.2d at 893; *cf. State v. Oliphant*, 47 Conn.App. 271, 702 A.2d 1206 (1997)(after deciding to proceed *pro se*, defendant had no constitutional right to effective assistance of counsel in any capacity); *State v. Randall*, 530 S.W.2d 407, 410 (Mo.Ct.App.1975)(defendant's refusal of counsel precludes any claim of ineffective assistance of counsel).

counsel against advisory counsel acting within these parameters, advisory counsel who exceeds these limitations and assumes a role associated with traditional counsel may then become subject to a claim for ineffective assistance of advisory counsel.

■ To the extent that advisory counsel participates beyond his limited role in a defendant's representation, his performance as counsel must meet the standards enumerated in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *M.S. Ali,* 581 A.2d at 380; *Bettney,* 529 A.2d at 1357. In order to prevail on a claim for ineffective assistance of advisory counsel, a defendant must first demonstrate that identified acts or omissions of his advisory counsel were outside the wide range of professionally competent assistance in light of all the circumstances, *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *People v. Naranjo,* 840 P.2d 319, 324 (Colo.1992); *People v. Cole,* 775 P.2d 551, 554 (Colo.1989), including the fact that counsel was acting in an advisory capacity. *M.S. Ali,* 581 A.2d at 380. Second, the defendant must demonstrate that he was prejudiced by his advisory counsel's ineffectiveness. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Naranjo,* 840 P.2d at 324; *Cole,* 775 P.2d at 554.

### III.

■ Having discussed the relevant law, we now apply it to the facts of this case. The trial court considered the actual role of Downey's advisory appellate counsel at the April 17, 1997 hearing on his Crim.P. 35(c) motion for post-conviction relief. The parties presented very different accounts of advisory appellate counsel's role in Downey's appeal. Downey testified that he was initially approached by advisory appellate counsel, prior to his own trial, to be a witness at the trial of a co-defendant. Downey also testified that he and his advisory appellate counsel had discussed his trial and he had expressed his dissatisfaction with his trial counsel on a number of occasions. Downey claimed that his advisory appellate counsel stated that he would become Downey's appellate counsel later in the proceedings. Downey also claimed that his advisory appellate counsel told him

to proceed *pro se,* but that the attorney would handle everything. According to Downey's testimony, it was his advisory appellate counsel, not Downey, who chose not to request an evidentiary hearing on the Crim. P. 35(c) motion for ineffective assistance of trial counsel. However, on cross-examination, Downey admitted that he did not want the trial court to hear the motion for post-conviction relief.

In contrast to Downey's account of the situation, Downey's advisory appellate counsel testified that he received an unsolicited call from Downey, prior to his trial, in which Downey expressed concerns about the trial and asked the attorney to represent him. The attorney told Downey that he was not interested in taking the case. Following his conviction, Downey contacted this attorney again. Downey's advisory appellate counsel testified that during this telephone conversation, Downey communicated dissatisfaction with his trial counsel's legal representation and expressed a desire to represent himself. The attorney agreed to represent Downey in a traditional advisory capacity in return for a $3,000 retainer. Downey's advisory appellate counsel further testified that he agreed not to attend the September 11, 1991 hearing on Downey's motion to proceed *pro se* after Downey expressed concern that even the presence of advisory counsel would undermine his authority. Downey's advisory appellate counsel also stated that he became concerned about Downey's appeal and agreed to write the appellate briefs only after Downey drafted an unclear fifty-eight-page brief raising thirty-eight issues. With respect to this issue, the attorney testified that he had initially attempted to explain that the court might disregard Downey's brief, and thus suggested that he draft the briefs for Downey. However, he also testified that Downey had veto power over the issues raised in the appeal and that he had to negotiate with Downey to limit the issues raised on appeal. Advisory appellate counsel testified that one of the issues Downey insisted on raising in the appeal was the ineffective assistance of trial counsel claim.

During his testimony, Downey's advisory appellate counsel expressed concern about

raising a claim of ineffective assistance of trial counsel on direct appeal, and claimed that he had consulted with a public defender regarding the matter. The same public defender testified that he had informed Downey's advisory appellate counsel that such matters are generally dealt with in post-conviction proceedings or on remand after appeal. Downey's advisory appellate counsel testified that Downey insisted that the ineffective assistance of trial counsel claim be raised on appeal rather than in a motion for post-conviction relief or through a limited remand to the trial court. Finally, Downey's advisory appellate counsel testified about his perception of his role as advisory counsel in drafting the briefs, stating, "I was supposed to write the most persuasive brief [Downey] was actually willing to sign." Significantly, Downey signed the briefs drafted by his advisory appellate counsel.

■ After hearing the testimony of Downey, advisory appellate counsel, and several other witness, the trial court accepted Downey's advisory appellate counsel's explanation of the situation surrounding Downey's appeal, expressly found that he acted only as advisory counsel, and denied Downey's motion for ineffective assistance of appellate counsel. A trial court's findings of fact are entitled to deference by a reviewing court and will not be overturned unless unsupported by the record on appeal. *People v. King*, 16 P.3d 807, 812 (Colo.2001).

The trial court record demonstrates that although Downey's advisory appellate counsel actually wrote the appellate briefs, he worked with Downey to select which issues to include in the briefs. Moreover, the record indicates that Downey made the ultimate decision to raise the ineffective assistance of trial counsel claim on appeal rather than in post-conviction proceedings. Accordingly, we defer to the trial court's finding that Downey's advisory appellate counsel acted solely as advisory counsel. Under these circumstances, Downey could not maintain a claim for ineffective assistance of counsel against his advisory appellate counsel. Thus, it is unnecessary to apply the *Strickland* analysis to the facts of this case.

## IV.

Because we accept the trial court's factual findings that advisory appellate counsel acted solely as advisory counsel, this case does not involve a situation in which advisory counsel exceeded his limited role. Thus, we agree that the trial court properly denied Downey's claim of ineffective assistance of appellate counsel. Accordingly, we affirm the judgment of the court of appeals.

Justice COATS specially concurs. Justice KOURLIS does not participate.

Justice COATS, specially concurring:

I agree with the court that the defendant's advisory appellate counsel acted solely as advisory counsel, and therefore the defendant could not maintain a claim for ineffective assistance of counsel. Maj. op. at 1206. I write briefly to make clear that although it may be helpful to distinguish this case from even the broadest treatments of ineffective assistance by other jurisdictions, I do not understand the court to be opining that a constitutional claim of ineffective assistance of counsel would lie against anyone other than someone who is actually serving as the defendant's counsel or that this jurisdiction recognizes any form of hybrid representation in which the defendant and an attorney act as co-counsel. Nor do I understand the court to be suggesting that excessive interference by advisory counsel, which could deprive a defendant of his right to proceed pro se, might also support a claim for ineffective assistance of counsel in this jurisdiction.

On its face, a claim for ineffective assistance of counsel can apply only to a defendant's counsel. Whether and under what circumstances someone could become a defendant's counsel, and have both the responsibilities and authority attendant to that position, without entering an appearance or being appointed by the court as such are difficult, fact-specific questions that I would not attempt to answer in a case that clearly did not implicate them. Where this court agrees that the factual findings of the trial court establish the strictly advisory role of the defendant's advisory counsel on appeal, I consider any speculation about situations

in which an advisory counsel, at trial or on appeal, might become counsel to be unnecessary to our holding.