

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00197-CR
_____


JEFFREY MICKENS, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2018-C-083



Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Jeffery Mickens appeals his conviction of murder.[1] Mickens waived a jury and, in a single proceeding, pled guilty to this and four other indictments. All indictments alleged offenses from one evening in February 2018. In a single brief, he appeals all five convictions. We affirm this murder conviction and its sentence.[2]

## I. Points of Error Previously Addressed

In our opinion in cause number 06-19-00195-CR, we addressed Mickens's first two points of error, which complain that the trial court did not warn him sufficiently in compliance with *Faretta v. California*[3] and that the trial court did not insure Mickens's waiver of a jury trial was made knowingly and voluntarily. We refer the reader to our analyses in that case regarding the complaints about *Faretta* and Mickens's waiver of his right to a jury trial. We overrule those complaints in this case. We address Mickens's pleas of guilty independently.

## II. Plea of Guilty Made Voluntarily and Freely

In our opinion in cause number 06-19-00195-CR, we described the analysis for determining whether a plea of guilty is made freely and voluntarily. We refer the reader to our opinion in that case for a detailed summary of the events at Mickens's trial and the law we applied to those events. In brief, we consider the totality of the circumstances viewed in light of

---

[1]*See* TEX. PENAL CODE ANN. § 19.02.

[2]On even date herewith, we also affirm Mickens's other four convictions in these cause numbers: 06-19-00195-CR, aggravated kidnapping of Regina; 06-19-00196-CR, aggravated kidnapping of Regina's infant daughter, Barbara; 06-19-00198-CR, attempted capital murder of Deputy Christopher Welk; 06-19-00199-CR, aggravated assault by causing serious bodily injury to Regina.

[3]422 U.S. 806 (1975).

the entire record;[4] "the record must affirmatively disclose that the defendant . . . entered his plea understandingly and voluntarily."[5] The trial court must admonish the defendant in substantial compliance with the requisites of Article 26.13 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Supp.).

As in cause number 06-19-00195-CR, the trial court accepted Mickens's plea of guilty to the instant charge of murder after Mickens stated he pled guilty because he was in fact guilty, he had not been forced or threatened to plead guilty, his plea was made freely and voluntarily, and he understood the crime was a first-degree felony. However, the trial court did not articulate the range of punishment, i.e., five to ninety-nine years or life in prison. Mickens, though, told the court he understood the range of punishment.

The failure of the trial court to literally pronounce the range of punishment, though, does not render Mickens's plea to this offense involuntary or unknowing. Shortly before his plea to the instant indictment for murder, Mickens pled guilty to two indictments alleging aggravated kidnapping—first-degree felonies. In its admonishments of both of those charges, the court admonished Mickens that those crimes were first-degree felonies, bearing punishment ranges of five to ninety-nine years or life imprisonment.

"The record contains references to the correct punishment range and there is nothing in the record that shows appellant was unaware of the consequences of his plea or that he was misled or harmed." *Aguirre-Mata v. State*, 125 S.W.3d 473, 476–77 (Tex. Crim. App. 2003). In

---

[4]*Griffin v. State*, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986); *Fluellen v. State*, 443 S.W.3d 365, 368 (Tex. App.—Texarkana 2014, no pet.).

[5]*Brady v. United States*, 397 U.S. 742, 747 n.4 (1970); *see Boykin v. Alabama*, 395 U.S. 238, 243–44 (1969); *see also Davison v. State*, 405 S.W.3d 682, 687 (Tex. Crim. App. 2013).

*Aguirre-Mata*, the State, during voir dire, had three times "correctly stated the punishment range. Nothing show[ed] that [Aguirre-Mata] did not hear and understand that, that his interpreter was not present, or that his attorney had not already told him the same thing." *Aguirre-Mata v. State*, 26 S.W.3d 922, 925 (Tex. App.—Houston [1st Dist.] 2000, pet. granted). Granted, there was no voir dire in Mickens's case. But the correct range of punishment for two other first-degree felonies had just been recited. Also, a week prior to Mickens's plea of guilty, an earlier plea offer of forty-five years' incarceration was discussed.[6]

We find Mickens's plea to murder was made freely and voluntarily. This point of error is overruled.

### III. Double Jeopardy

Mickens's double jeopardy argument is only made to his conviction in cause number 06-19-00199-CR. We address his complaint in our opinion in that cause.

### IV. Court Costs

The trial court assessed court costs in this case, after also assessing them in cause number 06-19-00195-CR. Where a defendant is convicted of two or more offenses in a single criminal action, court costs may only be assessed once. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073. The State concedes this was error on the trial court's part. "This Court has the power to correct

---

[6]There was an argument between Mickens's appointed attorney, Hagan, and two attorneys for the State about whether such offer had been made. The State said that, even if any offer had been extended, it had by that date expired. *Cf. Rodriguez v. State*, 763 S.W.2d 893, 895 (Tex. App.—San Antonio 1988, pet. ref'd). In the context of a point of error complaining that he had not been sufficiently admonished about the hazards of self-representation, Rodriguez complained that the range of punishment had not been explained to him. Pointing out "the State had at first offered [Rodriguez] forty years on a guilty plea that was later changed to thirty years," Rodriguez "was aware that a finding of guilty could possibly mean the same or a stiffer sentence." *Id.* He was ultimately sentenced to forty-five years' incarceration. *Id.*

4

and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30). We modify the trial court's judgment by deleting the inclusion of court costs.

As modified, we affirm the trial court's judgment and sentence for murder.

Ralph K. Burgess
Justice

Date Submitted: August 26, 2020
Date Decided: October 9, 2020

Do Not Publish

5